# Exhibit "1"

USAA052721S95000767700003

# BK/B1O4     U-00640

# BANK COUNSEL
# NEW BANK LAWSUITS

## SEND ELECTRONIC TO:
## BANK_COUNSEL@INTERNAL.USAA.COM

## FR:  SPECIALIZED DOCS 8-9628   B-8651

## DATAMARK®
### INCORPORATED

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED

MAY 05 2021

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITED SERVICES AUTOMOBILE ASSOCIATION FEDERAL SAVINGS BANK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSHUA MAYNARD

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

  You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Superior Court of California, County of Sonoma<br>600 Administration Dr, Santa Rosa, CA 95403 | CASE NUMBER: *(Número del Caso):*<br>SCV-268348 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JOSHUA MAYNARD, 740 ELY BLVD S, PETALUMA, CA 94954

| DATE:<br>*(Fecha)*  MAY 05 2021 | ARLENE D. JUNIOR | Clerk, by<br>*(Secretario)*  Angela Mendia | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

USAA052721S95000767900005

Plaintiff:
JOSHUA MAYNARD
740 Ely Blvd S
Petaluma, CA  94954

Plaintiff's Attorney:
Self-Represented

**ENDORSED**
**FILED**

MAY 05 2021

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SONOMA

**CIVIL CLAIMS DIVISION**

| | |
|---|---|
| JOSHUA MAYNARD | CASE NO. SCV-268348 |
|      Plaintiff, | **COMPLAINT FOR:** |
| v. | 1) **NEGLIGENCE** |
| UNITED SERVICES AUTOMOBILE ASSOCIATION FEDERAL SAVINGS BANK | 2) **NEGLIGENT MISREPRESENTATION** |
|      Defendant. | 3) **CONVERSION** |
| | 4) **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |

     I, JOSHUA MAYNARD, a Sonoma County resident and Plaintiff in this case, aver and

allege against United Services Automobile Association Federal Savings Bank ("USAA") as follows:

**INTRODUCTION**

     1.    I, Plaintiff, Joshua Maynard, bring this action as a result of USAA's fraudulent and

unfair business practices.  USAA has been negligent in their standards of conduct to my detriment,

negligently misrepresented their interest in my personal property, a 2014 Dodge Durango R/T AWD

("my Durango"), to me and various third parties, including the Petaluma Police Department, and

converted it and deprived me of it in attempt to extort $27,644.02 from me.  They have caused me

1  direct loss, consequential loss, and suffering.  They owe me cure and damages.  I pray this Court

2  will hold USAA accountable and grant me relief for the injustices they have perpetrated against and

3  suffering they have inflicted upon me and my children.

### PARTIES

2.    The Defendant, USAA, provides banking and insurance offerings to U.S. military

members, veterans, and their families. In 2019, USAA sold much of its investment-management

business to Charles Schwab in a $1.8 billion deal.  USAA is currently ranked 94 on the Fortune 500

and in the last fiscal year reported over $35 billion in revenue, over $4 billion in profit, and total

assets valued at over $173 billion.  The CEO of USAA is Wayne Peacock.  In commercial

advertising, USAA uses slogans such as "When you join USAA, you become part of a family that's

there for you during every stage of your life" and "member for life" and "what you're made of,

we're made for" to depict themselves as an institution that upholds military values such as honor,

integrity, courage, and unrivaled commitment to their members in their conduct of business

dealings.  In the last year, USAA spent under $100 million on advertising in digital, print, and

national TV on ads such as these according to MediaRadar.com.

3.    The Plaintiff, Joshua Maynard, is a highly decorated 40% disabled Army Veteran of 18

years honorable service, single father who maintains nearly 100% physical custody of two school

aged children, CalFresh recipient, and formerly USAA member 17378893 for over 20 years who has

been a resident of Sonoma county since January 2017, and whose only material asset of value is the

Durango automobile he owns with no lien as reflected in the current State of California Certificate

of Title.  He, the Plaintiff, has an additional legal claim against USAA surrounding their bad faith

insurance dealings with him and subsequent cancellation of his membership in 2019 which he

retains the right to bring before the Court in a separate complaint at some point in the future yet to

be determined.

USAA052721S95000768100007

**JURISDICTION**

4.    This Court has jurisdiction over this action as the Plaintiff is a Sonoma County resident and because the physical conversion acts committed by USAA occurred in Sonoma County.

**FACTUAL ALLEGATIONS**

5.    On or about (O/A) June 16th, 2020, I purchased USAA's abandoned property (a 2014 Dodge Durango, VIN ending in 77234, hereafter referred to as "the Durango" or "my Durango") free and clear in a Lien Sale which was subsequently recognized by State of California in the current Certificate of Title.  At the point of purchase my Durango was inoperable and had to be towed to be moved to my home.  I invested money in it to get it operating, inspected, titled, and registered for my exclusive use after purchasing it.  Exhibit A, the Durango Certificate of Title, is attached hereto.

6.    O/A November 29th, 2020, USAA issued an "Order to Repossess" my Durango to Del Mar Recovery Solutions, negligently misrepresenting USAA Federal Savings Bank as a Lien Holder, even though they were not and are not, in fact, a current Lien Holder on my Durango at all. Either USAA failed to validate their Lien claim against the current title for my Durango or USAA outright knowingly misrepresented their Lien status in an attempt to commit theft of my property. Exhibit B, the Order to Repossess, is attached hereto.

7.    As a result of USAA's misrepresentation of their Lien status, my (solely owned California Titled) Durango was illegally stolen from my driveway at my home in Petaluma, California, by After Hours Recovery Inc, the subcontractor issued the Order to Repossess from USAA by Del Mar Recovery Solutions, which USAA hired for such purpose of depriving me use and possession of that sole property of mine, the Durango, O/A November 30th, 2020.

8.    On November 30th, 2020, I awoke to find my vehicle stolen from my driveway. I contacted the Petaluma Police Department (PPD) right away who informed me that the vehicle had been repossessed and provided me the contact information for After Hours Recovery Inc, who had

1    converted my property by order of USAA and was continuing to deprive me of my property on

2    USAA's behalf.  I filed a formal complaint with the police that USAA did not have any lien on my

3    vehicle and that my property had been converted, and that I should have my property returned

4    immediately. Exhibit C, the Dispatch Event Summary (PE203350059), is attached hereto.  On the

5    report PPD noted the Durango registration confirmed a "no lien holder" status on November 30th.

6

7            9.      On that day, November 30th, 2020, I made contact with both USAA and After Hours

8    Recovery to explain the circumstance that they had no lien and I demanded my property be returned

9    immediately to me.  In each contact I explained that I was the current Title Holder with no lien, and

10   that I had purchased the vehicle outright.  When I explained the circumstance to USAA that day I

11   spoke with Eddie -- employee ID 4380 - who told me that USAA would only authorize release of my

12   Durango to me if I paid them $27,644.02.  In so doing, USAA established the Fair Market Value of

13   the Durango in this circumstance. Exhibit D, Call Notes (from November 30th, 2020), is attached

14   hereto for reference.  Additionally, Exhibit E, Cell Phone Call Log, is attached hereto.  The call log

15   times of day are reflected in Central Standard Times in Exhibit E, not Pacific Standard Times, and

16   the phone number used by Plaintiff in these matters is the line ending in 1380.

17           10.     In essence, USAA stole my Durango to extort $27,644.02 from me by saying it was

18   their property when it wasn't, and isn't, actually theirs.  USAA mailed Exhibit F, Letter of Intent,

19   attached hereto, to me on December 1st, 2020, to communicate that they indeed took possession of

20   my Durango and intended to continue to deprive me of and sell it if I wasn't willing to pay the Fair

21

22   Market Value they assessed it was worth to them ($27,644.02).

23           11.     On December 1st, 2020, I appeared in person at After Hours Recovery (AHR) in

24   Vallejo, California, and demanded return of my Durango to my possession and to claim my personal

25   property from within it if they would not return my Durango to me.  They refused to relinquish my

26

27   Durango to me and did not return personal property to me which had been in the vehicle before

28

USAA052721S95000768300009

1  USAA ordered them steal it from my home.  They would not even allow me to see or access my

2  Durango at all, but gave me a few things from inside it which they said was "all" the personal

3  property that was in it that they "could" return to me. Exhibit G, Personal Effects Inventory, is

4  attached hereto.  It reflects that I listed sunglasses as "missing" (not returned to me that day), even

5  though I had not fully recovered the Durango and was at that time unaware of other missing items.

6  The only personal items returned to me on December 1st, 2020, prior to my recovery of the Durango

7  the following day was the vehicle registration and some trash grocery receipts.

8

9      12.    Upon After Hours Recovery's refusal to relinquish my Durango to me and failure to

10  return personal property inside it as well, I called the Vallejo Police (VP) who also appeared there in

11  person at After Hours Recovery to assist me.  Exhibit H, VP Incident Contact Card, is attached

12  hereto for reference.  Upon presenting my title and purchase documents in Vallejo Police presence

13  to After Hours Recovery they acquiesced that they "should get approval" to return my Durango to

14  me the following day.

15

16      13.    On December 2nd, 2020, I returned in person again to After Hours Recovery and

17  recovered my Durango which they had converted on behalf of USAA.  Upon regaining possession

18  of my Durango I searched through it and discovered personal items that belonged to me had been

19  removed from my Durango and not returned to me with it.  Specifically, (3) pairs of sunglasses –

20  including a brand new pair of rose lens eye protection which was specialized for my service

21  connected traumatic brain injury light sensitivity, a Facebook tote bag with masks, and a Samsung

22  Fast Charger and charger cord for my cell phone.  I had noted the missing sunglasses on the claim

23  form provided by After Hours Recovery previously, but was not immediately aware of the other

24  missing items until after I left their premises. Exhibit I, Redemption Receipt (3 pages), is attached

25  hereto for reference.  On page three of Exhibit I the USAA representatives gave AHR instructions to

26  "please return this vehicle to the rightful owner, Joshua Maynard [Plaintiff]".

27

28

USAA052721S95000768400010

14.     While driving my Durango home from After Hours Recovery I noticed three conditions of concern in the vehicle's operation which were not present prior to its theft from my driveway. The Adaptive Cruise Control (ACC) system was inoperable, the steering pulled to the right significantly, and the All Wheel Drive (AWD) service light was illuminated which had not been the circumstance before it USAA converted it.  Overall it drove rough in a way that was different than it did before it was converted, and is cause for great concern.  I have not had the money to take my Durango for repairs and so it has sat in my driveway undriveable since that day for fear that driving it prior to repair might further damage it.  USAA's negligence, negligent misrepresentation, and conversion has caused me loss of use of my Durango since November 30th, 2020.  Exhibit J and Exhibit K, attached hereto, are pictures I took of the warning lights which were present (and still are) after I recovered my Durango from its conversion by USAA which were not present before that careless act, concerning the AWD and ACC systems of the vehicle, respectively.

## AFTERMATH

15.     I do not have the words to properly covey the shame, humiliation, embarrassment, and emotional distress I have suffered in the course of, as a result of, and ever since USAA's negligence, negligent misrepresentation, and conversion of my property.  After having gone through bankruptcy in January 2020 and then loss of income in May 2020 as a result of the pandemic, my Durango – which I invested in to get operable and add value to – is my only asset of any value for myself and family.  It is the closest thing I have to a "nest egg".  This situation has been a terror for me since the moment my property was so callously ripped away from me and my driveway and I faced a circumstance that initially seemed I would be powerless to affect regardless of the injustice being perpetrated against me.  Having to explain to my children that we had been done wrong, facing the prying eyes of my neighbors, and having to ask friends or help because of USAA's illegal and

1    shameful conduct has caused me considerable turmoil, anguish, and mental anxiety which endures

2    as I pray for the Court's relief in pendency of this action.

3        16.    My children and I currently live in poverty according to federal and state income

4    thresholds.  I do not have the means to spare which would mitigate the negative impact of USAA's

5    mistreatment of me.  Perhaps if I were a wealthy man this situation wouldn't feel so costly.

6    However, there is opportunity cost to every moment of my life these days as I struggle to find

7    employment and support my children as a single father here in Sonoma County, and in the loss of

8    use of my Durango which previously was an income producing asset for me.  I don't have the means

9    for representation, so I have had to invest weeks' worth of time to educate myself and prepare this

10   legal action for the Court.

11       17.    Three days of time were taken from me by USAA just for me to recover my Durango, in

12   addition to the gas expenses and mileage on my vehicle as I made multiple trips to Vallejo to

13   recover my Durango.  Those are days which I would have used my Durango to produce income, but

14   could not.  The loss of use of my Durango which has endured since USAA's theft of it on November

15   30th and has disabled me from using it for income since that day has been the most costly enduring

16   impact of USAA's criminal conduct against me in pendency of this action.

17       18.    Since August 2019 I have operated as an Independent Contractor for DoorDash during

18   times of unemployment in order to support my family.  Until my Durango was converted from me

19   by USAA it was the asset I used to perform that work.  I prefer not to use my other vehicle - as it

20   does have a lien - so that I can retain value to debt equity in it.   However, the damages apparent in

21   my Durango as a result of USAA's conversion of it which were caused in the course of forcibly

22   taking it from my home in the middle of the night without keys or permission have rendered it

23   undriveable for fear of further damage being caused in its use without first having it repaired since

24   November 30th, 2020.

19.    In January 2020 I sent a demand letter to USAA (attached hereto as Exhibit L, Demand Letter) to formally make them aware of the circumstance in hopes they would take responsibility and rectify the harm they have caused me and my family and not take more time from my life, the time that this court action requires. Since then I have received two phone calls from women who reported to be working on behalf of USAA's CEO, Wayne Peacock, who made it clear that their interest was ultimately more to mitigate their legal liability than it was to cure their wrongs against me. Apparently, what I am made of they are not made for, but I made it very clear in my communication with them that the damages they caused to my Durango have left it undriveable and eliminated a source of income for me.

20.    In response to my demand letter, USAA did not offer to repair my vehicle of the damage they caused nor did they even simply apologize to me for their negligence and criminal conduct against me. In fact, they attempted to convey that they were not in the wrong more than once in our conversation regarding the title status at the time they ordered repossession of my Durango, which I corrected them on, causing them obvious frustration on those calls. USAA has treated me with indignation having been made aware of the harm they caused rather than showing moral fortitude and an earnest commitment to curing the mistakes they perpetrated against me which would be in keeping with the values they assert to uphold publicly.

21.    When I have used my Durango to DoorDash full time I have consistently earned gross revenue greater than $200.00 per day on Mondays, Tuesdays, Wednesdays, and Thursdays, and greater than $300.00 per day on Fridays, Saturdays, and Sundays. USAA's damage to my Durango has eliminated my ability to earn that income with my Durango since November 30th, 2020. More than five months has now elapsed since that time as of the time of this filing. While circumstances forced me to use my other vehicle which I should not use to Dash at times since November 30th,

1   2020, I have not Dashed full time throughout the pendency principally because I don't have use of

2   my Durango for it.

3       22.   On average, when dashing full time I have earned over $1,500.00 per week (including

4   cash tips), and have at times earned over $1,700.00 in a week not counting cash tips when I dash all

5   seven days of the week. Potentially earning $1700.00 per week for 22 weeks equates to $37,400.00

6

7   lost income as a result of USAA's negligent and criminal conduct against me (as of May 3rd, 2021).

8   Exhibit M, DoorDash Weekly Revenue Report, is attached hereto for reference. Exhibit M depicts

9   the historical weekly gross revenue earnings I have earned when "dashing" full time during previous

10  time periods.

11              **CAUSES OF ACTION**

12              **FIRST CAUSE OF ACTION**

13                    **Negligence**

14

15      23.   Plaintiff incorporates the allegations contained in the foregoing paragraphs as though

16  fully set forth herein in their entirety.

17      24.   Defendant USAA negligently failed to verify their lien interest in my Durango in

18  accordance with State of California Certificate of Title in effect at the time they ordered

19  repossession of it as if it was property they owned.

20

21      25.   Defendant USAA as a large financial institution has a legal duty to confirm their legal

22  ownership interest in automobiles they seek to repossess prior to taking such an action.

23      26.   Defendant USAA breached that duty on November 29th, 2020 when they ordered

24  repossession of my Durango at which time the California Certificate of Title reflected the Plaintiff

25  was the sole owner of the Durango with no lien to USAA.

26      27.   Plaintiff was harmed because his sole property was converted, damaged, and rendered

27  unusable costing loss of time, income, and property in it which was stolen and never recovered.

28

28. Defendant's breach was a direct and proximate cause of Plaintiff's resulting harm.

29. Defendant's negligence was a substantial factor in causing Plaintiff's harm.

30. Defendant's conduct was malicious, oppressive and fraudulent warranting punitive damages.

### SECOND CAUSE OF ACTION

### Negligent Misrepresentation

31. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

32. Defendant USAA represented to Plaintiff and several third parties – namely After Hours Recovery, Del Mar Recovery Solutions, and the Petaluma Police Department – that they had a current lien interest in the Durango during the course of affecting it's repossession and even in the course of being confronted about their misrepresentation on multiple occasions. Such representation was, and still is, false.

33. As of August 10th, 2020, and ever since, the State of California certified Plaintiff as sole owner of the Durango with no lien on that property.

34. Defendant had no reasonable grounds for believing their representations were true when they were made because they didn't actually verify the title status of the Durango at that time.

35. Defendant USAA intended Plaintiff to rely on this representation when they ordered repossession of the Durango and refused to return it to him upon initial confrontation by Plaintiff whereby they continued to assert their lien falsehood to him so that he would abandon his property ownership to their sole possession.

36. Plaintiff reasonably relied on Defendant USAA's misrepresentation in that he was completely at the mercy of it by the third parties who initially enforced depriving Plaintiff of his

1   property believing them to be true. Plaintiff had no choice but to rely upon and deal with the

2   consequences of Defendant USAA's misrepresentations until intervention by law enforcement.

3       37.   Plaintiff was harmed by Defendant USAA's misrepresentations which caused his sole

4   property to be converted, damaged, and rendered unusable costing loss of time, income, and

5   personal property which was stolen and never returned from inside of it.

6       38.   Defendant's misrepresentation and the Plaintiff's and third parties' reliance on it was a

7   direct and proximate cause of Plaintiff's resulting harm.

8       39.   Defendant's conduct was malicious, oppressive and fraudulent warranting punitive

9   damages. Defendant continued to assert misrepresentations even upon confrontation with the truth.

10

11                              **THIRD CAUSE OF ACTION**

12                                       **Conversion**

13      40.   Plaintiff incorporates the allegations contained in the foregoing paragraphs as though

14

15  fully set forth herein in their entirety.

16      41.   Plaintiff solely owned the personal property, the Durango, at the time it was converted

17  which is clearly reflected in the State of California Certificate of Title that shows no lien.

18      42.   Defendant USAA substantially interfered with the Durango by knowingly and

19  intentionally, through use of agents, removing it from Plaintiff's residence without permission on

20  November 30th, 2020, and then refusing to relinquish it until December 2nd, 2020. Had Plaintiff

21  been unable to get Vallejo law enforcement to intervene, it is unlikely Defendant would have ever

22  returned the Durango to the Plaintiff's rightful possession.

23      43.   In the course of converting the Durango from the Plaintiff, USAA caused damage to the

24  vehicle which has continued to deprive the Plaintiff of its use even though Plaintiff was able to

25  recover the vehicle itself from Defendant's possession on December 2nd, 2020.

26

27

28

COMPLAINT

44. Defendant USAA deprived the Plaintiff of personal possessions which were never recovered by the Plaintiff which had been inside the Durango before their conversion of it on November 30th, 2020. Namely three pairs of sunglasses (TBI sunglasses, Google sunglasses, Rove sunglasses), a Samsung cellphone fast charger and USB cord, a Facebook brand tote bag, and numerous personal protection (COVID) cloth masks which were in it.

45. Plaintiff did not consent to Defendant USAA moving, interfering, nor taking possession of the Durango and the personal property stored inside it, nor the wrongful dominion that USAA continued to exert over it even after Plaintiff discovered the Durango missing and demanded its immediate return to his possession.

46. Plaintiff was harmed by Defendant USAA's conduct and continues to endure harm now because of it.

47. Plaintiff suffered actual damages, emotional damages, and consequential damages in an amount to be determined by the court according to proof.

48. Defendant USAA's conduct was malicious, oppressive and fraudulent warranting punitive damages.

## FOURTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

49. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein in their entirety.

50. Defendants negligently as detailed above.

51. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

52. Defendant USAA's conduct was malicious, oppressive and fraudulent warranting punitive damages.

COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as set forth below:

1.    For an award of actual damages for the conversion of the Durango specifically at a Fair Market Value no less than $27,644.02, which is the sum Defendant demanded as payment for it at the time of the conversion;

2.    For an award of compensatory damages for the time and money spent to recover the Durango from November 30th to December 2nd, 2020 which included two round trips from Petaluma to Vallejo and monopolized all of Plaintiff's time during those days, at a reasonable amount the court may determine but is estimated by Plaintiff to be at least $1,664.20 in value;

3.    For an award of actual damages for the personal property that was inside the Durango and never returned to Plaintiff following its conversion, at an amount the court may determine but is estimated by Plaintiff to be at least $1,000.00 in value;

4.    For an award of actual damages and/or order of performance to cure regarding the mechanical damages caused to the Durango as a result of the conversion, as the court may determine, such that USAA either directly pays a proper auto repair shop to assess and repair the damages to the ACC, AWD, and steering systems caused by USAA, or provides Plaintiff a sum which will cover the necessary repairs at a cost yet to be determined;

5.    For an award of lost income, at an amount the court may determine, to cure the loss of use of the Durango since November 30th, 2020, until repair as an income producing asset which consistently has been used by Plaintiff to DoorDash and would have been used by Plaintiff to earn gross revenue of at least $1,700.00 a week on average had it not been placed out of service due to Defendant's conduct which rendered it unusable for such purpose;

6.    For an award of compensatory damages at a reasonable amount the court may determine for the time Plaintiff has had to invest in acting as his own attorney to bring this action to the Court

to be heard;  Perhaps an amount that Plaintiff might have paid an attorney, could he afford it.  At the time of filing Plaintiff has invested over 100 hours of his time tending to matters related to this action including corresponding a demand letter and calls with Defendant, study of the law so as to bring a proper and complete claim, and preparation of this complaint and evidence to bring matters to the Court.  For reference, Plaintiff has earned more than $65 per hour in each of his last three employments outside of his Independent Contracting "gig" work for DoorDash;

7.    For emotional distress damages;

8.    For exemplary and/or punitive damages;  USAA's conduct in these matters deserves exceptional rebuke as an entity whose value proposition so wholly relies on an image of upholding ethical standards and commitment to military affiliated customers which are starkly opposite of their conduct here, and for their continuing failure to honor those values when confronted with their wrong doing directly in the course of events leading up to this complaint action;

9.    For treble damages;

10.    For expenses and costs of suit to the extent permitted by law;

11.    For pre-judgement and post-judgement interest on such monetary relief;

12.    Any other relief the Court may deem just and proper.


Dated: May 5th, 2021                     JOSHUA C. MAYNARD


By:
Joshua Maynard, Plaintiff

# STATE OF CALIFORNIA

## CERTIFICATE OF TITLE

VEHICLE HISTORY

63420081049

AUTOMOBILE

| VEHICLE IDENTIFICATION NUMBER | | MODEL | MAKE | PLATE NUMBER |
|---|---|---|---|---|
| 1C4SDJCT9EC477234 | | 2014 | DODG | 8RPB714 |

| BODY TYPE MODEL | TAX CLASS | WEIGHT UNLADEN | FUEL | TRANSFER DATE | FEES PAID | REGISTRATION EXPIRATION DATE |
|---|---|---|---|---|---|---|
| UT | | G | | 06/16/20 | $442 | 03/18/2021 |

| | | CLASS | TYPE | MO | EQUIPMENT/TRUST NUMBER | ISSUE DATE |
|---|---|---|---|---|---|---|
| SOLD | AH | 2020 | BH | | | 08/10/20 |

MOTORCYCLE ENGINE NUMBER

ODOMETER DATE       ODOMETER READING
06/16/2020       99910 MI
ACTUAL MILEAGE

TITLE HOLDER / OWNER

MAYNARD JOSHUA
740 ELY BLVD S
PETALUMA CA 94954

I certify (or declare) under penalty of perjury under the laws of the State of California that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a. _____ DATE _____ X _____ SIGNATURE OF REGISTERED OWNER

1b. _____ DATE _____ X _____ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads ☐☐☐☐☐☐.☐ (no tenths) miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked. Mileage is VOID if altered or erased.

WARNING ☐ Odometer reading is not the actual mileage.  ☐ Mileage exceeds the odometer mechanical limit.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE _____ X _____ TRANSFEROR/SELLER SIGNATURE(S)       DATE _____ X _____ TRANSFEREE/BUYER SIGNATURE(S)

PRINTED NAME OF SELLER (PLUS AGENT/DEALER COMPANY)       PRINTED NAME OF BUYER OR AGENT SIGNING FOR A COMPANY

## IMPORTANT READ CAREFULLY

Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

(LIENHOLDERS)

2. X _____
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date _____

016927       CA198029541

REG 17 30 FIS (REV 02 2011)

## KEEP IN A SAFE PLACE - VOID IF ALTERED

USAA052721S95000769600022

# Order To Repossess

Date Assigned: **11/29/2020**    Acct #: **2081997703**    Case#: **2087611574**    Reference#: **174313**

**Client: Del Mar Recovery Solutions**
PO Box 131690
Carlsbad, CA 92013
**Phone:** 8666067007 **Fax:** 760-603-9080
**By :** Nailah Shaw / **EXT:**
**Lien Holder:** USAA Federal Savings

**To: After Hours Recovery Inc.**
1627 LEWIS BROWN DRIVE
Vallejo, CA 94589
**Phone:** 707-553-7814 **Fax:** 7075586888
State License No. ra1381
**Adjusters :** Matt Nothnagel

**Debtor:** JOSHUA C MAYNARD
**SSN:** redacted  **DOB:** redacted

**Cosigner :**
**SSN:** redacted  **DOB:** redacted

Unknown
**740 ELY BOULEVARD S**
PETALUMA CA 94954 (Sonoma)

**Additional Information:**
ALSR Case ID 2199116

Year: **2014**    Make: **DODGE**    Model: **DURANGO**    Color: **BLACK**

Lic#: **8RPB714**    St: **CA**    VIN: **1C4SDJCT9EC477234**

Dealer:    Key Codes:

| Monthly Payments | Balance on Account | Amount Past Due | Delinquent Since |
|---|---|---|---|
| 0 | 0 | 0 | |

Date Rec'd :    Time :    AM / PM    PD:    I.D.#:

Recovered From:

Adjuster:    Comm $:    Repo Fee $:

Miles on Vehicle:    Tags:    Other Charges $:

Major Damage: ( )  Personals: ( )    Locked: [Y] [N]  Keys: ( )    Bill to Customer $:
Driveable: ( )

USAA052721S95000769800024

## Dispatch Event Summary

Event #: PE203350059

Agency: Petaluma Police Department

Case #:

### CONTROLLED DOCUMENT – DO NOT DUPLICATE

## Event Information

| | |
|---|---|
| Date/Time Received: **11/30/2020 11:39:20** | Date/Time Closed: **11/30/2020 14:57:25** |

Location: **740 ELY BL S, PETALUMA CA**

| Dispatched: | Enroute: | Arrived: |
|---|---|---|

| Event Type: **1021** | Disposition: |
|---|---|

## User Comments

11/30/2020 11:41:25 AM | HORTON, MARIE (1012487) | LIC 8RPB714
RP'S VEH WAS REPOSSESSED
11/30/2020 11:41:26 AM | HORTON, MARIE (1012487) | HE OWNS VEH W/O LIEN REG CONFIRMS THAT
HE IS INSISTING ON REPORTING VEH AS 10851
ADV RP THAT IT WILL BE A CIVIL SUIT WITH THE COMPANY
RP DISAGREES
RP CONTACTED AFTER HOURS RECOVERY AND LEFT A MESSAGE NO RETURN CALL

# Dispatch Event Summary

Event #: PE210960079

Case #:

**Agency** Petaluma Police Department

## CONTROLLED DOCUMENT - DO NOT DUPLICATE

## Event Information

Date/Time Received: **04/06/2021 13:50:18** | Date/Time Closed: **04/06/2021 14:33:44**

Location: **740 ELY BL S, PETALUMA CA**

Dispatched: **04/06/2021 14:03:38** | Enroute: | Arrived:

Event Type: **1021** | Disposition: **CIVIL SITUATION**

## Response

| Responder - Unit #: | Dispatched: | Enroute: | Arrived: | Cleared: |
|---|---|---|---|---|
| 1 HUTCHINSON, DAVID - 1E34 | 04/06/2021 14:03:38 | | 04/06/2021 14:09:32 | 04/06/2021 14:33:44 |

## User Comments

04/06/2021 01:50:18 PM | REESE, JULIE (1013575) | RP REQ OFFICER CALL AS HE HAS INFO TO ADD TO PE203350059

04/06/2021 02:09:33 PM | STRAUB, JENNIFER (1012736) | 1E34 -- @TOS

04/06/2021 02:33:44 PM | HUTCHINSON, DAVID (1012641) | Joshua Maynard contact PPD regaring an incindent which occured on 12/01/20.His vehicle was repossessed due to an error with the bank. Maynard is the title holder and had to drive to Vallejo to get his vehicle back. Afterpicking up his vehicle he noticed personal property missing and mechanical issues with the car. Maynard iis in the process of suing the company and wanted to outcome of the origional repossession documented.

USAA052721S95000770100027









**Sprint**
Now part of
**T-Mobile**

## Call Details - (707) 974-5437 - Voice
Call time displays as Central Time (CT) or local time depending on how and where the call was made.

| On | At | To / From | Destination | Rate | Mins | Cost |
|---|---|---|---|---|---|---|
| Nov 27 | 07:21 pm | (804) 929-5323 | Incoming | AU | 11:00 | - |

Want a shorter bill? Visit **www.sprint.com** to modify your account preferences. Call details can be viewed within the usage section.

## Call Details - (517) 507-1380 - Voice
Call time displays as Central Time (CT) or local time depending on how and where the call was made.

| On | At | To / From | Destination | Rate | Mins | Cost |
|---|---|---|---|---|---|---|
| Nov 01 | 12:02 am | (707) 367-3262 | Incoming | NW/AU | 07:00 | - |
| | 01:19 pm | (707) 367-3262 | Incoming | NW/AU | 16:00 | - |
| Nov 02 | 04:50 pm | (707) 794-6560 | Incoming | AU | 01:00 | - |
| Nov 03 | 12:41 pm | (707) 569-2300 | Incoming | VW/AU | 45:00 | - |
| | 01:30 pm | (707) 778-8421 | PTLM MAIN,CA | VW/AU | 03:00 | - |
| | 06:36 pm | (707) 367-3262 | Incoming | VW/AU | 14:00 | - |
| Nov 04 | 08:42 pm | (707) 367-3262 | Incoming | VW/AU | 08:00 | - |
| Nov 05 | 04:26 pm | (707) 367-3262 | Incoming | VW/AU | 09:00 | - |
| | 04:40 pm | (707) 367-3262 | Incoming | VW/AU | 16:00 | - |
| | 06:27 pm | (810) 287-1869 | FLINT,MI | VW/AU | 40:00 | - |
| Nov 06 | 04:54 pm | (707) 765-8488 | PTLM MAIN,CA | VW/AU | 01:00 | - |
| Nov 07 | 03:25 pm | (810) 287-1869 | Incoming | NW/VW/AU | 14:00 | - |
| | 03:56 pm | (810) 287-1869 | Incoming | NW/VW/AU | 18:00 | - |
| | 05:30 pm | (810) 287-1869 | FLINT,MI | NW/VW/AU | 24:00 | - |
| | 05:55 pm | (720) 335-3402 | DENVER,CO | NW/VW/AU | 01:00 | - |
| | 08:59 pm | (707) 367-3262 | UKIAH,CA | NW/VW/AU | 04:00 | - |
| | 09:03 pm | (707) 367-3262 | Incoming | NW/VW/AU | 23:00 | - |
| Nov 08 | 02:23 pm | (720) 335-3402 | DENVER,CO | NW/VW/AU | 41:00 | - |
| Nov 09 | 02:49 pm | (810) 287-1869 | FLINT,MI | VW/AU | 27:00 | - |
| | 03:17 pm | (707) 765-8488 | PTLM MAIN,CA | VW/AU | 04:00 | - |
| Nov 10 | 03:35 pm | (707) 559-7500 | PTLM MAIN,CA | VW/AU | 03:00 | - |
| | 03:39 pm | (707) 559-7500 | PTLM MAIN,CA | VW/AU | 03:00 | - |
| | 04:18 pm | (707) 559-7500 | PTLM MAIN,CA | AU | 01:00 | - |
| | 04:19 pm | (707) 559-7500 | PTLM MAIN,CA | VW/AU | 05:00 | - |
| Nov 11 | 03:23 pm | (810) 287-1869 | FLINT,MI | VW/AU | 29:00 | - |
| | 10:45 pm | (810) 287-1869 | Incoming | NW/VW/AU | 07:00 | - |
| Nov 12 | 06:49 pm | (810) 640-6120 | Incoming | VW/AU | 21:00 | - |
| Nov 13 | 12:38 pm | (810) 287-1869 | FLINT,MI | VW/AU | 22:00 | - |
| | 01:41 pm | (415) 221-4810 | Incoming | AU | 51:00 | - |
| | 02:34 pm | (415) 221-4810 | SNFC MT-EV,CA | VW/AU | 04:00 | - |
| | 04:56 pm | (415) 221-4810 | Incoming | VW/AU | 14:00 | - |
| Nov 14 | 12:32 pm | (707) 974-5437 | SANTA ROSA,CA | NW/AU | 01:00 | - |
| | 08:52 pm | (707) 367-3262 | Incoming | NW/VW/AU | 40:00 | - |
| Nov 15 | 01:44 pm | (810) 287-1869 | Incoming | NW/AU | 06:00 | - |
| Nov 16 | 11:57 am | (707) 367-3262 | Incoming | AU | 11:00 | - |
| | 05:57 pm | (810) 287-1869 | Incoming | VW/AU | 16:00 | - |
| Nov 17 | 02:47 pm | (810) 287-1869 | Incoming | AU | 15:00 | - |
| | 04:53 pm | (707) 559-7500 | PTLM MAIN,CA | VW/AU | 02:00 | - |
| | 06:24 pm | (707) 559-7500 | PTLM MAIN,CA | VW/AU | 14:00 | - |
| Nov 18 | 12:57 pm | (707) 367-3262 | Incoming | AU | 11:00 | - |
| | 02:01 pm | (800) 468-1935 | Incoming | VW/AU | 03:00 | - |

*Call Details - (517) 507-1380 - Voice continues...*

**Rate Type**
AU  Anytime/Plan Usage
NW  Night and Weekends
VW  Wi-Fi Calling



Account Number: 893636714
Bill Period: Nov 01 - Nov 30, 2020

*Call Details - (517) 507-1380 - Voice ...continued*

| On | At | To / From | Destination | Rate | Mins | Cost |
|---|---|---|---|---|---|---|
| | 02:25 pm | (707) 778-8421 | PTLM MAIN,CA | VW/AU | 01:00 | - |
| | 02:26 pm | (707) 778-8421 | PTLM MAIN,CA | VW/AU | 02:00 | - |
| | 04:07 pm | (707) 778-8421 | PTLM MAIN,CA | AU | 04:00 | - |
| | 04:23 pm | (810) 287-1869 | Incoming | VW/AU | 10:00 | - |
| Nov 19 | 10:45 am | (415) 221-4810 | Incoming | AU | 02:00 | - |
| | 10:55 am | (810) 287-1869 | Incoming | VW/AU | 04:00 | - |
| | 02:39 pm | (810) 287-1869 | Incoming | VW/AU | 02:00 | - |
| Nov 20 | 03:22 pm | (707) 566-7570 | Incoming | AU | 04:00 | - |
| Nov 21 | 08:28 pm | (707) 367-3262 | Incoming | NW/AU | 06:00 | - |
| | 08:34 pm | (707) 367-3262 | UKIAH,CA | NW/AU | 12:00 | - |
| | 10:38 pm | (707) 367-3262 | Incoming | NW/VW/AU | 02:00 | - |
| Nov 23 | 01:05 pm | (415) 221-4810 | SNFC MT-EV,CA | AU | 02:00 | - |
| | 01:52 pm | (415) 221-4810 | Incoming | VW/AU | 16:00 | - |
| | 02:07 pm | (415) 221-4810 | Incoming | AU | 16:00 | - |
| | 02:23 pm | (415) 221-4810 | Incoming | AU | 04:00 | - |
| | 02:52 pm | (707) 559-7500 | PTLM MAIN,CA | AU | 04:00 | - |
| | 03:05 pm | (810) 287-1869 | FLINT,MI | AU | 15:00 | - |
| | 04:46 pm | (707) 559-7500 | Incoming | AU | 03:00 | - |
| | 06:00 pm | (707) 559-7500 | Incoming | AU | 06:00 | - |
| | 06:12 pm | (800) 733-0502 | Toll Free Call | VW/AU | 06:00 | - |
| | 06:12 pm | (707) 559-7500 | Incoming | CW/VW/AU | 01:00 | - |
| | 07:28 pm | (415) 221-4810 | Incoming | AU | 08:00 | - |
| Nov 24 | 02:22 pm | (707) 765-8488 | PTLM MAIN,CA | VW/AU | 02:00 | - |
| | 02:30 pm | (707) 765-8488 | PTLM MAIN,CA | VW/AU | 02:00 | - |
| | 02:36 pm | (707) 569-2300 | SANTA ROSA,CA | VW/AU | 13:00 | - |
| | 03:06 pm | (707) 765-8488 | PTLM MAIN,CA | VW/AU | 04:00 | - |
| | 03:26 pm | (707) 367-3262 | Incoming | VW/AU | 05:00 | - |
| | 03:35 pm | (707) 367-3262 | Incoming | VW/AU | 04:00 | - |
| | 03:40 pm | (707) 367-3262 | Incoming | VW/AU | 11:00 | - |
| | 04:02 pm | (707) 559-7500 | PTLM MAIN,CA | VW/AU | 13:00 | - |
| | 04:17 pm | (707) 569-2300 | Incoming | VW/AU | 02:00 | - |
| Nov 25 | 12:23 pm | (707) 367-3262 | Incoming | VW/AU | 04:00 | - |
| | 12:33 pm | (810) 287-1869 | FLINT,MI | VW/AU | 08:00 | - |
| | 02:22 pm | (855) 417-7107 | Toll Free Call | VW/AU | 06:00 | - |
| | 03:09 pm | (877) 328-9677 | Toll Free Call | VW/AU | 03:00 | - |
| | 03:25 pm | (831) 227-3212 | Incoming | AU | 27:00 | - |
| Nov 26 | 01:45 pm | (810) 287-1869 | FLINT,MI | AU | 19:00 | - |
| | 08:30 pm | (415) 221-4810 | Incoming | VW/AU | 01:00 | - |
| Nov 27 | 02:29 pm | (804) 929-5323 | Incoming | VW/AU | 22:00 | - |
| | 04:18 pm | (707) 569-2300 | Incoming | AU | 03:00 | - |
| Nov 30 | 12:47 pm | (707) 778-4372 | PTLM MAIN,CA | VW/AU | 11:00 | - |
| | 12:58 pm | (707) 553-7814 | VALLEJO,CA | AU | 02:00 | - |
| | 01:35 pm | (707) 553-7814 | VALLEJO,CA | VW/AU | 03:00 | - |
| | 01:37 pm | (707) 778-4372 | PTLM MAIN,CA | AU | 03:00 | - |
| | 01:49 pm | (810) 287-1869 | FLINT,MI | AU | 23:00 | - |
| | 03:44 pm | (800) 520-4525 | Toll Free Call | VW/AU | 05:00 | - |
| | 03:48 pm | (810) 287-1869 | FLINT,MI | AU | 11:00 | - |
| | 04:01 pm | (707) 553-7814 | VALLEJO,CA | VW/AU | 02:00 | - |
| | 04:02 pm | (707) 569-2300 | Incoming | CW/VW/AU | 04:00 | - |
| | 04:06 pm | (707) 553-7814 | VALLEJO,CA | AU | 05:00 | - |
| | 04:09 pm | (707) 772-6336 | Incoming | CW/AU | 07:00 | - |
| | 04:16 pm | (707) 553-7814 | VALLEJO,CA | AU | 04:00 | - |
| | 04:20 pm | (800) 531-8722 | Toll Free Call | AU | 04:00 | - |
| | 04:24 pm | (800) 531-8722 | Toll Free Call | AU | 13:00 | - |

**Rate Type**

| | |
|---|---|
| **AU** | Anytime/Plan Usage |
| **CW** | Call Waiting |
| **NW** | Night and Weekends |
| **VW** | Wi-Fi Calling |

*Call Details - (517) 507-1380 - Voice continues...*



Account Number: 893636714
Bill Period: Nov 01 - Nov 30, 2020

*Call Details - (517) 507-1380 - Voice ...continued*

| On | At | To / From | Destination | Rate | Mins | Cost |
|---|---|---|---|---|---|---|
| | 04:37 pm | (800) 668-6873 | Toll Free Call | AU | 18:00 | - |
| | 04:54 pm | (513) 254-2191 | Incoming | CW/AU | 11:00 | - |
| | 06:39 pm | (707) 367-3262 | Incoming | VW/AU | 06:00 | - |
| | 06:56 pm | (707) 367-3262 | Incoming | VW/AU | 21:00 | - |

## Call Details - (707) 974-5368 - Voice
**Call time displays as Central Time (CT) or local time depending on how and where the call was made.**

| On | At | To / From | Destination | Rate | Mins | Cost |
|---|---|---|---|---|---|---|
| Nov 03 | 12:02 pm | (707) 289-2622 | Incoming | AU | 01:00 | - |
| Nov 05 | 11:26 am | (785) 341-7780 | MANHATTAN,KS | AU | 01:00 | - |
| | 12:07 pm | (785) 341-7780 | MANHATTAN,KS | AU | 05:00 | - |
| Nov 13 | 11:18 am | (785) 341-7780 | MANHATTAN,KS | AU | 13:00 | - |
| | 11:34 am | (707) 376-1294 | Incoming | AU | 01:00 | - |
| Nov 15 | 11:27 pm | (785) 341-7780 | Incoming | NW/AU | 01:00 | - |
| | 11:27 pm | (785) 341-7780 | Incoming | NW/AU | 17:00 | - |
| Nov 19 | 12:55 pm | (785) 341-7780 | Incoming | AU | 03:00 | - |
| | 02:22 pm | (785) 341-7780 | MANHATTAN,KS | AU | 10:00 | - |
| Nov 21 | 05:00 pm | (785) 341-7780 | Incoming | NW/AU | 10:00 | - |
| Nov 23 | 10:27 am | (719) 340-0403 | Incoming | AU | 10:00 | - |
| Nov 25 | 02:16 pm | (810) 287-1869 | FLINT,MI | AU | 02:00 | - |
| | 03:33 pm | (810) 287-1869 | Incoming | AU | 07:00 | - |
| Nov 26 | 01:00 pm | (785) 341-7780 | Incoming | AU | 06:00 | - |
| | 01:07 pm | (785) 341-7780 | MANHATTAN,KS | AU | 01:00 | - |
| | 10:37 pm | (707) 974-5437 | SANTA ROSA,CA | NW/AU | 01:00 | - |
| Nov 30 | 07:32 pm | (785) 341-7780 | Incoming | AU | 28:00 | - |

**Rate Type**

AU   Anytime/Plan Usage
CW   Call Waiting
NW   Night and Weekends
VW   Wi-Fi Calling

USAA052721S95000770700033



USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, Texas 78288-0544



0000055      SP      3783      -C01-P00055-I      -0314d-554537830123-

JOSHUA C. MAYNARD                                          December 1, 2020
740 ELY BLVD S
PETALUMA, CA 94954-4609

Please Read: Important Notice

DEAR MR. JOSHUA C. MAYNARD,

We previously received notification that you have filed for bankruptcy. We continue to comply with
the automatic stay and other related bankruptcy protections, but need to provide the attached
notice to comply with applicable state laws and to notify you of our intent to take action as
described in the notice.

If you feel you should be protected under the Servicemembers Civil Relief Act, please call us at
(210) 531-USAA (8722), our mobile shortcut #8722 or 800-531-8722.

If you have any questions about your loan, please call us at 800-668-6873. We are available
Monday through Thursday from 7 a.m. to 5 p.m., and Friday and Saturday from 7 a.m. to 11 a.m.
CT.

Sincerely,

Troy J Withers
Executive Director, Member Debt Solutions
USAA Federal Savings Bank

* For purposes of this notice, "vehicle" can include, but is not necessarily limited to, cars, trucks, recreational vehicles,
travel trailers and boats.

**NOTE: IF YOUR OBLIGATION HAS BEEN DISCHARGED IN BANKRUPTCY, IS SUBJECT TO THE AUTOMATIC STAY
OR IS PROVIDED FOR IN A CONFIRMED PLAN, THIS COMMUNICATION IS FOR REGULATORY COMPLIANCE AND
INFORMATIONAL PURPOSES ONLY, AND DOES NOT CONSTITUTE AN ATTEMPT TO COLLECT A DEBT OR TO
IMPOSE PERSONAL LIABILITY FOR SUCH OBLIGATION. PLEASE ALSO NOTE THAT DESPITE ANY SUCH
BANKRUPTCY, USAA RETAINS RIGHTS UNDER ITS SECURED LOAN AGREEMENT, INCLUDING THE RIGHT TO
ENFORCE ITS SECURITY INTEREST IN THE PROPERTY IDENTIFIED IN THE LOAN AGREEMENT.**

Enc: MDS - NOI BK PostDischarge - All Other States

017378893 - DM-03144                          131245-0917         FDIC
                                                                                       INSURED

USAA052721S95000770800034

**USAA**
USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, Texas 78288-0544

# NOTICE OF DISPOSITION AND OUR PLAN TO SELL PROPERTY

December 1, 2020

Reference:   Transaction:        Secured Consumer Loan
 · Borrower:          JOSHUA C. MAYNARD
                                 740 ELY BLVD S,
                                 PETALUMA, CA 94954
            Account Number:   4489
            Vehicle*:             2014 DODGE DURANGO
            Bankruptcy Case:   19-10745

**THIS NOTICE IS NOT AN ATTEMPT TO COLLECT A DISCHARGED DEBT FROM YOU PERSONALLY, BUT IS BEING MADE TO COMPLY WITH ARTICLE 9 OF THE UNIFORM COMMERCIAL CODE AND ALL APPLICABLE STATE LAWS.**

We understand that you have filed for bankruptcy. The automatic stay under the Bankruptcy Code has been lifted, terminated, vacated or modified to allow us to exercise our rights to repossess the Vehicle. Because you received a discharge of this debt in the bankruptcy case described above, you have no personal obligation to pay any amounts to us and you are no longer personally liable to us for any amount, including any deficiency.

We have your property described above, because you broke promises in our agreement.

We will sell the vehicle* described above at a private sale sometime after December 14, 2020. A sale could include a lease or license.

The money that we get from the sale (after paying our costs, to the extent provided under and allowed by the United States Bankruptcy Code and applicable state law) will reduce any amount owed to us that is secured by the Vehicle. If we get less money than is owed to us, you will not personally owe us the difference because you received a discharge of this debt in your bankruptcy case; however, we may file or have filed a proof of claim or an amended proof of claim in your bankruptcy case for any resulting unsecured amounts in accordance with the provisions of the United States Bankruptcy Code. If we get more money than is owed to us, you will get the extra money, unless we must pay it to the bankruptcy trustee appointed in the bankruptcy case or to someone else.

Because you obtained a discharge of this debt in bankruptcy, you have no personal obligation to pay any amounts to us and you are not personally liable to us for any deficiency. However, we may seek to enforce any existing liens against the Vehicle and any other property that you gave to secure the debt. Because of your chapter 7 bankruptcy, you can get the property back at any time before we sell it by voluntarily paying the lesser of: (a) the fair market value of the Vehicle; or (b) the full amount that you owe (not just the past due payments), to the extent provided under the United States Bankruptcy Code and applicable state law; however, bankruptcy court approval may be required. If you would like to voluntarily get the property back, call us at 1-800-668-6873 to learn the exact amount that you may voluntarily pay to get the property back. If you had not filed a chapter 7 bankruptcy, pursuant to state law, you only would have been able to get the property back at any time before we sell it by voluntarily paying us the full amount you owe (not just the past due payments), including our expenses. Because you obtained a discharge of this debt in bankruptcy, you have no personal obligation to pay any amounts to us, although we may file or have filed a proof of claim or an amended proof of claim in your bankruptcy case with regard to this debt based upon the applicable provisions of the United States Bankruptcy Code. This Notice is not an attempt to collect a discharged debt from you personally, but is being made to comply with Article 9 of the Uniform Commercial Code and all applicable state laws.

USAA052721S95000771000036



**After Hours Auto Recovery**
1627 Lewis Brown Dr
Vallejo, CA 94589
Phone: (707)553-7814
RA1381

Date: 12/01/2020
Case #: 2087611574

Cosigner

Reference #: 174313
Acct #: 2081997703

**Client**
Del Mar Recovery Solutions
PO Box 131690
Carlsbad, CA 92013
Phone: 8666067007 Fax: 760-603-9080

USAA Federal Savings

**Vehicle**
2014 DODGE DURANGO
VIN: 1C4SDJCT9EC477234
Plate: 8RPB714 CA
Color: BLACK
Recovery Date: 11/29/2020

**Debtor**
JOSHUA C. MAYNARD

Phone:
Cell:

Stored: 3

Appointment *12/1/20*
Date/Time: *1:30 PM*

Phone:
Cell:

**Personal Effects:** * DISPOSED OF ALL PERISHABLES/FLAMMABLES/LIQUIDS/COMBUSTIBLES/ILLEGAL SUBSTANCES*

12/01/20   taryn foley   receipts, registration

*Missing: Sunglasses,*

**Personal Property Processing Fee:** $  Ø

I, *Joshua Maynard* do hereby acknowledge receipt of the described property. The above is a complete list of all the personal property contained in the vehicle at the time it was taken from my possession. I release After Hours Auto Recovery, its agents, assigns, and subsidiaries from any and all liability with respect to any personal property that was or may have been in the vehicle at the time it was taken from my possession.

_____
Signature

_____
Witness

_____
Date/Time

Forms Printed:12/01/2020 14:34:03
taryn foley

USAA052721S95000771200038



PATROL DIVISION

**J. BRADSHAW**
Police Officer
Badge #719

2012010127

(707) 649-7700
E-mail: jaleesa.bradshaw@cityofvallejo.net
111 Amador Street   ▪   Vallejo, CA 94590   ▪   Fax (707) 648-4490

# Redemption Receipt



12/02/2020
**Case #:** 2087611574
**Reference # :** 174313
**Acct #:** 2081997703

**After Hours Recovery Inc.**
1627 LEWIS BROWN DRIVE
Vallejo, CA 94589
**Phone:** 707-553-7814 **Fax:** 707.558.6888
State License No. ra1381

**Debtor**
JOSHUA C MAYNARD

**Phone:   Cell:** 517-507-1380

**Client**
Del Mar Recovery Solutions
PO Box 131690
Carlsbad, CA 92013
**Phone:**  8666067007 **Fax:** 760-603-9080

**Cosigner**

**Phone:  Cell:**

**Lien Holder** USAA Federal Savings

**Year:** 2014 **Make:** DODGE **Model:** DURANGO

**VIN:** 1C4SDJCT9EC477234 **Plate:** 8RPB714 **Color:** BLACK

**Keys:** No

**Personal Property:** Yes

**Redemption Date:** 12-2-20
**Appointment Time:** 2 pm

   In sole consideration of the release of the above described vehicle and personal property, I agree that I have carefully examined the above described vehicle  and made sure that there is no damage, other than any pre-existing damage marked and accounted for on the vehicle condition report.  I further agree that I have examined all personal belongings that were left in the above vehicle and that everything is accounted for and has no damage.

   By signing this Release, I fully understand the above statements and do agree to Release and Hold Harmless After Hours Auto Recovery and  Del Mar Recovery Solutions and or its Agents from all claims, demands and or actions, which I or my Representatives do have or may have against After Hours Auto Recovery, Del Mar Recovery Solutions and/or its Agents or Employees, prior to this date.

**Repossession Receipt:** PETALUMA P.D.

**The following fees are due upon release:**

**Lienholder:** USAA Federal Savings
**Contracted Rate:** Billing

_____
Signature

_____
Witness

USAA052721S95000771500041



## <u>Standard Vehicle Release To Consumer (Redemption) - Page 1 of 2</u>

**Name:** MAYNARD, JOSHUA C
**Codebtor:** NO SECOND CONSUMER ON ORDER
**Phone Number:**
**Lender/Client:** **USAA-DM-IVREPO** USAA Federal Savings
**Account Number:** 1044404489
**Year Make and Model:** 2014 DODGE DURANGO
**VIN:** 1C4SDJCT9EC477234

### AGENTS/AUCTIONS:
Agents and Auctions must refer and adhere to ALL applicable laws regarding disclosures and state regulation(s).

### RELEASE:
In consideration of the return of the Vehicle to you, and by signing below, you hereby release and hold harmless the Recovery Agent, Resolvion, and for both entities their respective affiliates, officers, directors, managers, employees, agents, successors, and assigns from any and all claims related to or arising out of or in any way connected to your contract with your Lender and their servicing of your Contract, or the repossession and return of your vehicle with the fees as set forth below.

| Fee Description | # Days Stored | Amount Charged for Service by Agent or Auction | | Total Due | Amount Paid by Consumer at Agent's Lot or Auction |
|---|---|---|---|---|---|
| Storage Fees for Vehicle | 4 | 0 | | 75.00 | 0 |
| Personal Property Fees | 4 | 0 | | | |
| Redemption Fee | 4 | 75.00 | | | |

Storage or Reinstate/Redemption as Auction does not include expenses incurred to transport or recondition the vehicle. Such Fees, if incurred, may be billed to you at a later time.

AGENT: PLEASE BILL ALSR FOR ALL CUSTOMER REDEMPTION FEES

**NOTICE:** If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362; 524) regarding the subject matter of this letter, the following applies to you: THIS COMMUNICATION IS <u>NOT</u> AN ATTEMPT TO COLLECT, ASSESS, OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.

**VEHICLE KEYS:** Consumer, please check one of the following:
A) [    ] I received a set of fully working keys to the vehicle from the Agent when I took possession
B) [ X ] I have in my possession a set of fully working keys to the Vehicle; the Agent did not provide a set.
C) [    ] I received a set of keys to the vehicle which could be used to enter the vehicle but not to start it
     (the vehicle requires an electronic key fob or chip key but I only received metal keys).

Consumer Initials Here ___JC___       Agent Initials Here _RC_       THIS IS PAGE 1 OF 2

Multi State Vehicle Release (Wombat) - Revised 3/2019



## <u>Standard Vehicle Release To Consumer (Redemption) - Page 2 of 2</u>

**Name:** MAYNARD, JOSHUA C
**Codebtor:** NO SECOND CONSUMER ON ORDER
**Phone Number:**
**Lender/Client:** **USAA-DM-IVREPO** USAA Federal Savings
**Account Number:** 1044404489
**Year Make and Model:** 2014 DODGE MODEL%
**VIN:** 1C4SDJCT9EC477234

**Fee Instructions to Agent:** BILL RESOLVION MAX REDEMPTION $75INCLUDING PP FEESTORAGE $20/DAY BILL TO CUSTOMER

**Transport Instructions:** PLEASE RETURN THIS VEHICLE TO THE RIGHTFUL OWNER JOSHUA MAYNARD AND CONTACT 517-507-1380 TO MAKE ARRASNGEMENTS. BILL ALL FEES TO ALS

**Other Instructions:** BILL RESOLVION MAX REDEMPTION $75  INCLUDING PP FEESTORAGE $20/DAY BILL TO CUSTOMERPERSONAL PROPERTY ONLY  BILL MAX FEE OF $75 TO RESOLVION

<u>**CONSUMER:**</u>
By signing below, you acknowledge and agree that: (i) the information contained above is accurate, (ii) you inspected the above described Vehicle, (iii) you accept the return of the Vehicle in its current condition and (iv) you have received possession of the Vehicle and all personal property.

**I hereby certify that the above information is correct and true:**

Vehicle Released To: _JOSHUA MAYNARD_   Signature: X _H MAN_   Date: _12-2-20_
          (print name of person retrieving the vehicle)

Driver's License # _____   Phone #: _____

<u>**AGENT:**</u>
By signing below, you acknowledge and agree that (i) the information contained above is accurate, and (ii) you have released the Vehicle and all personal property in your possession related to the recovery of the above described Vehicle

Vehicle Released By: _R. Crites_   Signature: X_R. Crites_   Date: _12.2.20_
          (print name of person releasing the vehicle)

Multi State Vehicle Release (Wombat) - Revised 3/2019

USAA052721S95000771800044

From:
Joshua C. Maynard (Formerly, USAA Member 17378893)
740 Ely Blvd S
Petaluma, CA 94954

To:
USAA
Attn: Legal Department
9800 Fredericksburg Road
San Antonio, TX 78288

January 7th, 2021

**Demand for Payment of Injury and Damages Caused by USAA's Tortious Conversion of My Property**

Dear USAA,

Shame on you.  I was a USAA member for over 20 years until 2019 when USAA first broke its promises to me and subsequently severed my membership.  Now, whereas I had thought such insult from your institution was behind me in life, you have reared your ugly head upon me and my family once again and recklessly and willfully caused further injury well outside the lines of what is "right", and also beyond what is "legal."

I highly recommend that you correct your illegal and predatory practices as I have experienced and implement better quality controls into your customer operations. You have not lived up to the images and slogans you project in your TV and online commercials in your treatment of me and my family, and, in fact, you have broken the law in the course of that treatment even after multiple opportunities to correct yourself.

My experience with your dealings makes me wonder how many other service families you may have hurt in ways similar to what you have done to mine.  Make no mistake, if you fail to make me whole as you should given this circumstance I will surely pursue every possible avenue to legally hold you to account and to spread awareness of your practices to the public and service communities, for their protection.

This is your opportunity to right your wrongs with me.  I hope you live up to the values you once upheld that won my membership for two decades.

**Facts of the Circumstance**

On June 16th, 2020, I purchased USAA's abandoned property (a 2014 Dodge Durango, VIN ending in 77234, hereafter referred to as "the Durango" or "my Durango") free and clear in a Lien Sale which was subsequently recognized by State of California in the current Certificate of Title.  At the point of purchase my Durango was inoperable and had to be towed to be moved to my home.  I invested money in it to get it operating, titled, and registered for my exclusive use after purchasing it.

On or about (O/A) November 29th, 2020, USAA Issued an Order to Repossess my Durango to Del Mar Recovery Solutions, incorrectly citing USAA Federal Savings Bank as a Lien Holder, even though they were not and are not, in fact, a current Lien Holder on my Durango at all. Either USAA failed to validate their Lien claim against the current title for my Durango or USAA outright knowingly misrepresented their Lien status in an attempt to commit theft of my property.

As a result of USAA's misrepresentation of their Lien status, my (solely owned California Titled) Durango was illegally stolen from my driveway at my home in Petaluma, California, by After Hours Recovery Inc, the subcontractor issued the Order to Repossess from USAA by Del Mar Recovery Solutions, which USAA hired for such purpose of depriving me use and possession of that sole property of mine, the Durango, O/A December 1st, 2020.

On December 1st, I awoke to find my vehicle stolen from my driveway. I contacted the police right away who informed me that the vehicle had been repossessed and provided me the contact information for After Hours Recovery Inc, who had converted my property by order of USAA and was continuing to deprive me of my property on USAA's behalf. I filed a formal complaint with the police that USAA did not have any lien on my vehicle and that my property had been converted, and that I should have my property returned immediately.

On that day, December 1st, I made contact with both USAA and After Hours Recovery to explain the circumstance as well and I demanded my property be returned immediately to me. In each contact I explained that I was the current Title Holder with no lien, and that I had purchased the vehicle outright. When I explained the circumstance to USAA that day I was told that if I wanted my Durango back I had to pay USAA $27,644.02 to get it.

In essence, USAA stole my Durango to extort money from me.

On December 2nd, 2020, I appeared in person at After Hours Recovery to demand return of my Durango to my possession and to claim my personal property from within it if they would not return my Durango to me. They refused to relinquish my Durango to me and did not return personal property to me which had been in the vehicle before USAA had them steal it from my home. After their refusal I called the police who also appeared there in person at After Hours Recovery to assist me. Upon presenting my title and documents in police presence to After Hours Recovery they acquiesced that they would return my Durango to me the following day, and recognized me as the rightful owner in writing, as did Del Mar Recovery Solutions.

On December 3rd, 2020, I went in person again to After Hours Recovery and recovered my Durango which they had converted on behalf of USAA. In the course of the conversion and recovery of my Durango by USAA I have incurred injury and damages which USAA has a legal duty to cure as their illegal act is the cause of them. I hereby demand payment to cure those damages and injuries you have caused, USAA.

2

USAA052721S95000772400050

**USAA Committed Conversion of my Durango**

Conversion, under California law, is defined as "intentional interference with the property of another with the intent to deprive the owner of the property."

USAA, you did commit conversion of my Durango in that:

- At the time USAA took my Durango I was the sole owner of the property as recognized by the California Certificate of Title with no lien holder.

- You wrongfully took my Durango and deprived me of it from December 1st - December 3rd, 2020

- You had no permission to take my Durango as you did.  In fact, you continued to deprive me of my Durango when I demanded it back until I got police involved.

- I have suffered damages and injury as a result of your conversion of my Durango, which you have an obligation to cure.

**Damages and Injuries Caused by USAA's Illegal and Predatory Conduct**

USAA's conversion of my Durango caused me loss of time and expense in pursuit of its recovery into my possession.

- The entirety of my time during business hours on Dec 1 - 3, 2020 was spent in pursuit of recovering my Durango.  My professional hourly rate is $65/hr.  USAA owes me **$1,560.00** for time spent in pursuit of recovery of my Durango.

- The acts of traveling to recover my vehicle incurred costs to me as a result of USAA's conversion of my Durango, in addition to the time.  I had to make (2) round-trip 30 mile drives (120 miles) in the course of recovering it from USAA to get my Durango home.  At $0.535 per mile, USAA owes me **$64.20** for mileage on my privately owned vehicles and **$40.00** in gas money.

USAA's conversion of my Durango cost me loss of property that was inside it and caused damages to my Durango which have left it undriveable in pendency of cure.

- In the course of USAA's conversion of my Durango personal property that was inside my Durango disappeared and was never returned to me.  Specifically, at least (3) pairs of sunglasses - my specialty traumatic brain injury rose lens glasses -  which were brand new, my Google sunglasses which were my favorite pair, and my orange Rove Sunglasses.  Additionally my Facebook bag that was in my Durango also "disappeared".  I value these pieces of property in total, which USAA caused to be taken and not returned, at **$1,000.00** replacement value.

- The condition of my vehicle when I recovered it was damaged when it was returned to me in ways it was not before USAA converted it.  Specifically, the alignment was (is) off (steering pulling to the right), the AWD service alarm was (is) on which had not been on before it was converted by USAA, and my Adaptive Cruise Control module was (is) also not working.  These are obvious damages caused by the act of towing my vehicle without my consent. I have not yet expended the time (cost to USAA) to get a professional estimate to repair the deficiencies to my Durango caused by USAA's conversion of it, but I estimate those repairs in total to likely cost **$2,000.00** to repair.  I am open to negotiating USAA paying for these repairs directly to a repair shop as appropriate cure to the vehicle damages suffered rather than simply paying me for the estimate, if USAA would prefer.

USAA has caused me loss of income by depriving me use of my Durango from its conversion.

- The AWD service light, steering alignment, and cruise control problems in my Durango as a result of USAA's conversion have rendered it undriveable until it is assessed and repaired.  Therefore, USAA's conversion of my property has actually caused my loss of its use beyond the time I physically recovered it, which still persists as of the date of this letter.

- I use my Durango to earn income as a Dasher doing deliveries.  USAA's conversion of my vehicle and damages to it which have rendered it undriveable have eliminated this stream of income for me during this time which I otherwise would have been able to realize.  During a typical weekday I would gross $200 using my Durango, $300 on weekend days.  I often work (7) days dashing in order to make ends meet and have grossed $1,800 in a week at times.  However, $1,600.00 per week is a very reliable volume of delivery income in a week.  As of today, USAA's conversion of my property has cost me (5) weeks lost income due to my Durango having been rendered undriveable by their conversion of it.  As of today, USAA owes me **$8,000.00** in lost income as a result of the conversion of my Durango which is increasing by the day until it is repaired of the damages caused by USAA.

USAA has caused me emotional damage, distress, and humiliated me as a single father and disabled veteran in front of my neighbors, friends, and children by converting my Durango.  The sheer embarrassment this situation has caused me makes me sick.

- USAA owes me the value of the property - my Durango - as additional restitution for their reckless and willful harms committed against me and my family whereby they chose to steal my vehicle from me and then attempted to extort money from me. **$27,644.02**, plus interest, since December 1st, 2020.

4

USAA052721S95000772600052

**Conclusion**

This situation is clear cut. The law and remedies are very clear as is the moral imperative. USAA converted my property and owes me restitution. I hope USAA will honor it's image and rhetoric around it's business practices and actually live up to them. Take responsibility for your mistake and set it right without further cost of my time and effort, and without expending your resources to try and get away with doing me wrong any further.

My hope is that we can dialogue and settle these matters outside of court. To date, though, I haven't even gotten so much as an apology from USAA for the mistakes and the harms you have caused me, formerly a member for over two decades. Shame on you. Each day that goes by without remedy the damages you have caused me continue to accrue. Time is of the essence.

Time Spent in recovery pursuit: $1,560.00
Gas and Mileage: $104.20
Replacement of stolen personal property:  $1,000.00
Cost of repairs of damage caused by USAA:  $2,000.00
Lost wages (as of January 7th, 2021): $8,000.00
Value of the property as damages: $27,644.02

Total cost to resolve claim (as of January 7th, 2021): $40,308.22

I demand payment of **$40,308.22** immediately to resolve my claim against USAA for conversion of my Durango which was committed willfully by them in December, 2020.

The point of contact for this action is the undersigned. You can reach me by phone at (517) 507-1380 or email at au4504@yahoo.com.

If I receive no response from you by January 22nd, 2021, I will assume you have no intention of rectifying this circumstance without a formal judgement and will proceed accordingly.

Thank you,

Joshua C. Maynard
Formerly Member 17378893

5

USAA052721S95000772800054

| 2019 Weekly Gross Revenues for Joshua Maynard (When Full Time Dashing) | |
|---|---|
| **Week Of:** | **Gross Revenue** |
| Dec 23 – 29 | $1,356.88 |
| Dec 16 – 22 | $1,410.44 |
| Dec 9 – 15 | $1,609.06 |
| Dec 2 – 8 | $1,223.29 |
| Nov 18 – Nov 24 | $1,328.40 |
| Nov 4 – Nov 10 | $1,710.24 |
| Oct 28 – Nov 3 | $1,568.72 |
| Oct 21 – 27 | $1,465.58 |
| Oct 7 – 13 | $1,666.17 |
| | |
| Average Gross Weekly Revenue | $1,482.09 |

USAA052721S950007729000055

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>**CIVIL DIVISION**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonoma.courts.ca.gov<br><br>Maynard vs United Services Automobile Association Federal Savings Bank | (FOR COURT USE ONLY)<br><br>**ENDORSED**<br>**FILED**<br><br>MAY 0 5 2021<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br><br>SCV-268348 |

**A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT**
**AND WITH ANY CROSS-COMPLAINT**

1. **THIS ACTION IS ASSIGNED TO HON. Gary Nadler FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.
2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
    A Case Management Conference has been set at the time and place indicated below:

| | | |
|---|---|---|
| Date:  09/02/2021 | Time:  3:00 PM | Courtroom 19 |
| Location:  Civil and Family Law Courthouse<br>3055 Cleveland Ave<br>1st Floor<br>Santa Rosa, CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case.  In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.
4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.
5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference.  These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

**ORDER TO SHOW CAUSE**
To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://sonoma.courts.ca.gov/self-help/adr.

USAA052721S95000773000056

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County.  The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov.  The advantages of e-service to the parties include:

| | |
|---|---|
| **SAVE MONEY** | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| **SAVE TIME** | Instant service of your documents on all parties |
| **SAVE SPACE** | With 24/7 internet access to all documents, you do not need to house paper copies |
| **GAIN CERTAINTY** | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org.  The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program.  Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments.  The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov.   On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program.  You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

**Pursuant to Local Rule 5.1.C:**

| | |
|---|---|
| CV-1 [Rev. May 17, 2019] | **NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC**<br>CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410 |

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1**:

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>JOSHUA MAYNARD<br>740 Ely Blvd S<br>Petaluma, CA 94954<br><br>TELEPHONE NO.: (517) 507-1380          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* au4504@yahoo.com<br>ATTORNEY FOR *(Name):* Self Represented | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SONOMA**
STREET ADDRESS: Hall of Justice, 600 Administration Drive
MAILING ADDRESS: Hall of Justice, 600 Administration Drive, Room 107J
CITY AND ZIP CODE: Santa Rosa, 95403
BRANCH NAME: CIVIL CLAIMS DIVISION

| | |
|---|---|
| PLAINTIFF/PETITIONER:  JOSHUA MAYNARD<br>DEFENDANT/RESPONDENT:   UNITED SERVICES AUTOMOBILE ASSOCIATION FEDERAL SB | **CASE NUMBER:**<br>SCV-268348 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    a.  [x] summons

    b.  [x] complaint

    c.  [ ] Alternative Dispute Resolution (ADR) package

    d.  [ ] Civil Case Cover Sheet *(served in complex cases only)*

    e.  [ ] cross-complaint

    f.  [x] other *(specify documents):* Exhibits A through M and Notice of Assignment to One Judge for All Purposes, Notice of Case
        Management Conference and Order to Show Cause served with Summons and Complaint

3.  a.  Party served *(specify name of party as shown on documents served):*
        United Services Automobile Association Federal Savings Bank

    b.  [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
            under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served:
    10750 McDermott Freeway, San Antonio, TX 78288

5.  I served the party *(check proper box)*

    a.  [x] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
            receive service of process for the party   (1) on *(date):*                          (2) at *(time):*

    b.  [ ] **by substituted service.** on *(date):*                at *(time):*          I left the documents listed in item 2 with or
            in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
                of the person to be served. I informed him or her of the general nature of the papers.

        (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                place of abode of the party. I informed him or her of the general nature of the papers.

        (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
                address of the person to be served, other than a United States Postal Service post office box. I informed
                him or her of the general nature of the papers.

        (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
                at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
                *(date):*                from *(city):*                  or [ ] a declaration of mailing is attached.

        (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**POS-010**

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | JOSHUA MAYNARD | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | UNITED SERVICES AUTOMOBILE ASSOCIATION FEDERAL SB | SCV-268348 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*              (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☐ On behalf of *(specify):*

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)

                             ☐ other:

7. **Person who served papers**

  a. Name:

  b. Address:

  c. Telephone number:

  d. **The fee** for service was: $

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

        ☐ owner   ☐ employee   ☐ independent contractor.

    (ii) Registration No.:

    (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  **or**

9. ☐ **I am a California sheriff or marshal and I** certify that the foregoing is true and correct.

Date:

▶

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

    [ Print this form ]    [ Save this form ]    [ Clear this form ]