JOSHUA N. KASTAN (SBN 284767)
jnk@dkmlawgroup.com
**DKM LAW GROUP, LLP**
535 Pacific Avenue, Suite 101
San Francisco, California 94133
Telephone: (415) 200-0204
Facsimile: (833) 790-5202

Attorneys for Defendant,
USAA FEDERAL SAVINGS BANK, erroneously named as
"UNITED SERVICES AUTOMOBILE ASSOCIATION FEDERAL SAVINGS BANK"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSHUA MAYNARD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION FEDERAL SAVINGS BANK.<br><br>　　　　Defendants. | CASE NO.　4:21-cv-04519-JSW<br><br>[*Formerly Sonoma County Superior Court Case No. SCV-268348*]<br><br>**DEFENDANT USAA FEDERAL SAVINGS BANK'S (ERRONEOUSLY NAMED AS "UNITED SERVICES AUTOMOBILE ASSOCIATION FEDERAL SAVINGS BANK") MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FOURTH CAUSE OF ACTION**<br>[*pursuant to* Fed. R. Civ. P. 12(b)(6)]<br><br>**Judge:**　　　Hon. Jeffrey S. White<br>**Date:**　　　July 30, 2021<br>**Time:**　　　9:00 AM<br>**Courtroom:**　5 – 2nd Floor |

　　　USAA Federal Savings Bank ("USAA FSB"), erroneously sued as "United Services Automobile Association Federal Savings Bank," hereby submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff's fourth cause of action.

///

///

///

-1-
**USAA FSB'S MPA ISO MOTION TO DISMISS**
**CASE NO. 4:21-cv-04519-JSW**

## I.
## INTRODUCTION

This action arises from Plaintiff Joshua Maynard's ("Maynard") allegations that USAA FSB wrongfully repossessed Maynard's 2014 Dodge Durango. Maynard has asserted several causes of action against USAA FSB, including negligence, negligent misrepresentation, conversion and negligent infliction of emotional distress. USAA FSB now moves to dismiss Maynard's fourth cause of action for negligent infliction of emotional distress because the claim fails as a matter of law. Under California law, negligent infliction of emotional distress is not a separate tort but rather, a species of negligence. Moreover, Maynard may not assert a claim for emotional distress unless he suffered a physical injury or physical impact. For these reasons USAA FSB respectfully requests that Maynard's fourth cause of action be dismissed without leave to amend.

## II.
## RELEVANT ALLEGED FACTS AS TO PLAINTIFF'S COMPLAINT[1]

As alleged in his Complaint, this dispute stems from an alleged repossession of Maynard's 2014 Dodge Durango. (Complaint "Compl." ¶ 7.) Maynard further contends that while the vehicle was in the possession of After-Hours Recovery, several items were taken from the inside of the vehicle. (Compl. ¶ 13.) After Maynard recovered the 2014 Dodge Durango, he claims he discovered damage to the vehicle rendering the vehicle inoperable. (Compl. ¶ 13.) Maynard further alleges he is unable to work full time because the vehicle is inoperable. (Compl. ¶¶ 18, 20-21.)

Maynard filed the instant lawsuit, alleging claims of negligence, negligent misrepresentation, conversion, and negligent infliction of emotional distress. (See Compl. ¶ 23-52.) As discussed further below, Maynard's fourth cause of action for negligent infliction of emotional distress. Simply put, the claim fails as it is not available as a separate tort under California law – rather, it is a species of negligence and cannot be alleged as a stand-alone claim. Any further opportunity for amendment would be futile, as Maynard's allegations make it clear he did not suffer any physical injury or impact as a result of any alleged acts or omissions of USAA FSB. As such, he cannot recover emotional distress damages as part of his negligence claim.

---

[1] The citation to "facts" of the Complaint is for purposes of the instant Motion to Dismiss only. USAA FSB denies the allegations as phrased and reserves all objections, defenses, and arguments as to the "facts" alleged.

As such, USAA FSB respectfully requests that the Court grant its motion to dismiss Maynard's fourth cause of action without leave to amend.

### III.
### LEGAL STANDARD

A complaint should be dismissed if the allegations set forth therein fail to state a claim upon which relief may be granted. (F.R.C.P. 12(b)(6).) Where the plaintiff fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory, a motion to dismiss must be granted. (*Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008).) Where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," a claim should be dismissed. (*Figueroa v. United States*, 7 F.3d 1405, 1409 (9th Cir. 1993); *Rang Dong Joint Stock Co. v. J.F. Hillebrand USA, Inc.*, 304 F. Supp. 3d 1159, 1162 (E.D. Cal. 2019) (holding complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face").)

When considering a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." (*Ashcroft v. Iqbal,* 556 U.S. 662, 678-679 (2009).) Indeed, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Id.* at 678.) The court must determine whether the *evidentiary facts* alleged in the complaint support a plausible right to relief that rises above the "speculative level." (*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).)

Here, Maynard's fourth cause of action fails to state an actionable claim for relief because the claim is simply not available under California law and should be dismissed without leave to amend.

### IV.
### DISMISSAL IS APPROPRIATE WHERE MAYNARD'S FOURTH CAUSE OF ACTION FAILS TO STATE AN ACTIONABLE CLAIM FOR RELIEF

This Court should grant USAA FSB's motion without leave to amend where Maynard's fourth Cause of Action fails as a matter of law. As discussed below, the claim of negligent infliction of emotional distress is not an independent tort under California law. Moreover, recovery of damages for negligent infliction of emotional distress generally requires physical injury or impact, of which Maynard has not plead and cannot plead.

### A. Maynard's Fourth Cause of Action Fails Because the Claim of Negligent Infliction of Emotional Distress is Not an Independent Tort

Simply stated, Maynard cannot plead a separate cause of action for negligent infliction of emotional distress because the tort does not even exist under California law. (*Baker v. Fox & Associates*, 240 Cal.App.4th 333, 356 (2015).) "The negligent causing of emotional distress is not an independent tort but the tort of negligence, involving the usual duty and causation issues." (*Id*.) Here, Maynard has alleged negligent infliction of emotional distress as an independent tort in his fourth cause of action. (Compl. ¶ 49-52.) Because the claim is inappropriately plead as an independent tort, Maynard's fourth cause of action should be dismissed without leave to amend.

### B. Maynard Cannot Recover Damages for Negligent Infliction of Emotional Distress Without Physical Injury or Impact

Even assuming Maynard was given leave to amend his negligence claim to add emotional distress damages, which he should not, he cannot recover for said damages without physical impact or injury. The law is well settled that a plaintiff cannot recover emotional distress damages unless a defendant breaches a duty wherein the emotional condition of the plaintiff is the object of said duty, or the plaintiff is plaintiff is physically harmed or threatened with physical harm:

> [U]nless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty. <u>Even then, with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests</u>. (*Gonzales v. Personal Storage, Inc.* 56 Cal.App.4th 464, 473-474 (1997) *citing Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 985 (1993) [emphasis added].)

In this case, Maynard has alleged that USAA FSB simply caused damage to his 2014 Dodge Durango and his ability to work full time. (Compl. ¶ 27.) Damage to Maynard's property and financial interests, without physical injury or impact or the threat thereof, does not allow for recovery of emotional distress damages under his claim for negligence. "[I]n the absence of physical injury, the courts have never allowed recovery of damages for emotional distress arising solely from property damage or economic injury to the plaintiff." (*Butler-Rupp v. Lourdeaux*, 134 Cal.App.4th 1220, 1228 (2005). Since Maynard's negligence claim arises solely from property and

financial/economic damages, he cannot recover emotional distress damages. As such, USAA FSB's motion to dismiss Maynard's fourth cause of action should be granted without leave to amend.

## V.
## CONCLUSION

For the foregoing reasons, USAA FSB respectfully requests that the Court grant its motion to dismiss without leave to amend as to Maynard's fourth cause of action within his Complaint.

Dated: June 15, 2021

DKM LAW GROUP, LLP

By  */s/ Joshua N. Kastan*
JOSHUA N. KASTAN
Attorneys for Defendant
USAA FEDERAL SAVINGS BANK, erroneously named as "UNITED SERVICES AUTOMOBILE ASSOCIATION FEDERAL SAVINGS BANK"