Plaintiff:
JOSHUA MAYNARD
740 Ely Blvd S
Petaluma, CA  94954

Pro Se

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JOSHUA MAYNARD

    Plaintiff,

v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION FEDERAL SAVINGS
BANK

    Defendant.

CASE NO. 4:21-cv-04519-JSW JSW

*[Formerly Sonoma County Superior Court Case No. SCV-268348]*

**PLANTIFF PRO SE JOSHUA MAYNARD'S OPPOSITION BRIEF AND REQUEST FOR DENIAL OF DEFENDANT'S MOTION TO DISMISS THE FOURTH CAUSE OF ACTION**
[*pursuant to* Fed. R. Civ. P. 15(a)(1-3)]

| | |
|---|---|
| **Judge:** | Hon. Jeffrey S. White |
| **Date:** | July 30, 2021 |
| **Time:** | 9:00 AM |
| **Courtroom:** | 5 – 2nd Floor |

The astounding audacity of Defendant USAA FSB knows no bounds and the content of their character is not aligned to the honorable values they publicly purport to uphold.  I am all too familiar with their unfortunate distinction in this way as my matters in pendency with this Court clearly convey.  Yet, in keeping with my assertions, they persist to belie in such ways that I pray the Court sees clearly through regardless of  USAA's posturing of a "just" position.  Their Motion to Dismiss the Cause of Action for Negligent Infliction of Emotional Distress (NIED) with prejudice and without leave to amend should be denied without hearing.  Applicable laws allow amendment and NIED as befitting and appropriate in matters such as those I have brought to the Court in this case.

# I.
## INTRODUCTION

This Opposition Brief and Request to Deny Defendant's Motion to Dismiss the Fourth Cause of Action of NIED is a response to the Defendant's unjust and misleading assertions and requests contained in their associated Memorandum of Points and Authorities ("MPA") in support of said Motion.   There is good cause supported by law and the truth of the circumstances associated with the action I have brought against the Defendant that I should be allowed to Amend my Complaint and to continue to include NIED in it against the Defendant. Herein I will layout further details which I pray this Court in the interest of truth, justice, and accountability will consider merits denial of the Defendant's Motion without need to undergo the currently scheduled hearing on July 30th, 2021.

The facts of these matters is that USAA did commit an intentional, fraudulently negligent, and outrageous set of acts against me which did cause me physical harm, emotional distress, pain and suffering, and did result in damages to which the Defendant should be held accountable and that the law does allow Plaintiffs to Amend their Complaint ahead of Trial.  In the name of truth and justice I should be afforded the right to Amend my Complaint not only to cure any deficiencies regarding my claim to NIED, but also to update administrative and material details which have changed since the initial Complaint was filed related to whole circumstance and the damages I am seeking in the full matters I have brought to this Court.

# II.
## THE DEFENDANT'S MPA HAS CLAIMED LIES AS FACTS TO THIS COURT

The Defendant asserted numerous lies as facts in their aforementioned MPA which should not be considered to hold any merit by this Court.  In their "Introduction" paragraph they underhandedly assert that I cannot claim NIED as a separate tort under the auspice that I suffered no physical harm or impact as a result of their actions.  This is simply not true, which I will outline later in this

1   Opposition Brief and in the Amended Complaint which I will imminently Motion the Court to

2   accept.

3        In the Defendant's "Relevant Alleged Facts" paragraph they whitewash many facets of my

4   complaint which I must remark upon.  For example, they convey that "this dispute stems from an

5   alleged repossession" which is an erroneous way to express the circumstance. In fact, nowhere in

6   my complaint do I allege "repossession" at all.  Rather, I convey that USAA sent goons to steal my

7   car.  It wasn't their car to "repossess" when they took it.  They, in fact, committed conversion.  They

8   committed an intentional tort to my detriment.  If I went and forcibly took possession of a USAA

9   owned automobile and deprived them of its use unlawfully such conduct would be criminal and, in

10  the State of California, could even be adjudged a felony against me.  Clearly USAA's intentional

11  and fraudulent commission of conversion of my Durango, while unfortunately not technically

12  criminal under the law, meets the threshold of an outrageous act committed against me in kind.  The

13  Defendant's audacity to downplay the severity of their tort is insulting to the common sense of any

14  reasonable person and to this Court.

15       The Defendant continued to misrepresent my allegations in that same "facts" paragraph

16  section of their MPA.  They convey that I allege my Durango was left inoperable as a result of their

17  actions, which is misleading.  What I actually explained in my complaint is that they caused

18  conditions in the vehicle which have rendered it undriveable until repair for fear of causing further

19  damage which would render it mechanically inoperable or create more damage which I cannot

20  afford to repair, just as I could not afford to have it repaired on my own at the time I made the

21  complaint.  They also misrepresent my claim for lost income.  At no point did I allege that I am

22  "unable to work full time because the vehicle is inoperable" as they phrased.  Rather I explained that

23  my Durango has been an asset that I use to do gig work and by causing the damages they did to it

they have disabled an income producing asset for me which I would have otherwise used to earn

money in the pendency of finding full time employment as I have done before.

Lastly, but not least, in their "facts" section of the MPA regarding the NIED Cause of Action,

the Defendant asserts that "Any further opportunity for amendment would be futile, as Maynard's

allegations make it clear he did not suffer any physical injury or impact as a result of any alleged

acts or omissions of USAA FSB.  As such, he cannot recover emotional distress damages as part of

his negligence claim."  Total hogwash.  The Defendant's assertion therein that "any further

opportunity for amendment would be futile" is presumptive and prejudicial.  They have painted their

incorrect assumption as a fact to this Court when the truth is quite the opposite.  In fact, I have

substantial evidence and testimony to provide if I am allowed to amend my complaint related to

numerous hospital visits and medical tests which show the physical impacts of the pain, suffering,

and emotional distress to which USAA's intentional, outrageous, fraudulent, and negligent torts

against me have been a direct cause.

If the truth and evidence of my matters which I will provide in Amended Complaint to this

Court doesn't meet the merits to assess the Defendant accountable at Trial to the NIED Cause of

Action I have alleged, so be it.  However, I pray that the Court will at least allow me the opportunity

to Amend my Complaint and to be heard on its merits.  I am on the side of truth and justice in these

matters and have no need to mislead in the ways the Defendant has sought to "with prejudice" in

their MPA thus far.

### III.
### LEGAL STANDARD

A party may amend its pleading once as a matter of course within: 21 days after serving it, or

if the pleading is one to which a responsive pleading is required, 21 days after service of a

responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is

earlier.  In all other cases, a party may amend its pleading only with the opposing party's written

consent or the court's leave. The court should freely give leave when justice so requires.  Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later. (F.R.C.P. 15(a)(1-3)).

The elements of a negligence cause of action are (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. (Merrill v. Navegar, Inc. (2001) 26 Cal.4th 465, 500.) The existence of a duty of care is a question of law to be determined by the court alone. (Id. at p. 501; Ann M. v. Pacific Plaza Shopping Center (1993) 6 Cal.4th 666, 674, 678.) " '[D]uty' is not an immutable fact of nature ' "but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." ' (Ballard v. Uribe (1986) 41 Cal.3d 564, 572, fn. 6.)  The general rule is that each person has a duty to exercise ordinary care to avoid causing injury to others. (Civ. Code, § 1714, subd. (a); Rowland v. Christian (1968) 69 Cal.2d 108, 112.) A departure from this fundamental principle is justified only if public policy clearly supports such an exception. (Merrill v. Navegar, Inc., supra, 26 Cal.4th at pp. 501-502; Rowland, supra, at p. 112.) The factors to consider in determining the existence and scope of duty include "the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." (Rowland, supra, at p. 113.)

Liability for emotional distress caused by the defendant's negligence generally is analyzed by reference to two distinct theories of recovery, the "bystander" and "direct victim" theories. (Burgess v. Superior Court (1992) 2 Cal.4th 1064, 1071 (Burgess).) "Bystander" cases involve a plaintiff who

witnessed the injury of another person and suffered emotional distress as a result. The defendant's duty is a duty to avoid causing emotional distress to persons who observe conduct that causes harm to others. (Id. at pp. 1072-1073.) The California Supreme Court has limited the class of bystanders to whom a defendant owes a duty to avoid negligently inflicting emotional distress. (Thing v. La Chusa (1989) 48 Cal.3d 644, 647 (Thing); see Dillon v. Legg (1968) 68 Cal.2d 728, 740-741 (Dillon).)

"Direct victim" cases, in contrast, involve other circumstances where a plaintiff suffers emotional distress as a result of the breach of a duty owed directly to the plaintiff. (Burgess, supra, 2 Cal.4th at p. 1073.) The defendant's duty owed to the plaintiff must be a duty "that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two." (Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc. (1989) 48 Cal.3d 583, 590 (Marlene F.); accord, Burgess, supra, at p. 1073.) In "direct victim" cases, the limits on the existence of a duty in "bystander" cases do not apply. (Burgess, supra, at p. 1073.) "Rather, well-settled principles of negligence are invoked to determine whether all elements of a cause of action, including duty, are present in a given case." (Ibid.)

## IV.
## GRANTING LEAVE TO AMEND IS APPROPRIATE WHERE MAYNARD'S FOURTH CAUSE OF ACTION FAILS TO STATE AN ACTIONABLE CLAIM FOR RELIEF

This Court should freely give me leave to amend my complaint to more clearly and properly state my actionable claim for relief for NIED. Justice so requires it in this circumstance.

**A.  Defendant's Motion and MPA Fail to Substantiate Any Legal Merits to Their Request to Dismiss the Fourth Cause of Action "With Prejudice" and "Without Leave to Amend"**

While the Defendant gave several examples of precedent which may be adjudged to merit dismissal of the Fourth Cause of Action NIED in the Complaint in its current form, none of those references call for a requirement to dismiss the claim with prejudice and without leave to amend. The Defendant's interest in requesting such prejudice is purely to evade accountability of the wrongs

they committed against me, a tactic to intimidate me as a Pro Se litigant, and should not be granted. I acknowledge that as written the current Complaint and NIED Cause of Action fails to fully and clearly convey the physical injury and impact the Defendant has caused me to satisfy the necessary elements of the claim.  However, my failure as a Pro Se Plaintiff to include those necessary details in the original complaint isn't in itself undisputable evidence that such harm absolutely didn't occur; rather, physical harm to me did occur and I can correct the deficiency of the Complaint regarding the NIED claim if I am allowed to amend.  I should be allowed to provide an amended complaint inclusive of the NIED Cause of Action in the interests of truth and justice for the Court to adjudge on the merits.  I will Motion to Amend my Complaint imminently upon submitting this brief to the Court along with the Amended Complaint to further render the Defendant's attempts to evade justice moot.

**B.    Maynard Can Recover Damages for Negligent Infliction of Emotional Distress Because Defendant USAA's Actions Did Cause Him Physical Injury and Impact**

Theft of an automobile from someone's driveway is an outrageous act.  Hiring agents to steal a person's automobile from their home adds an additional layer of heinousness to that type of conduct.  When the victim of such theft is a disabled impoverished single parent who relies on that automobile for income the perpetrators are guilty of inflicting a particularly impactful type of cruelty which any reasonable person can acknowledge.  Perhaps it would be no big deal to USAA if someone stole one of their cars and damaged it in a way that rendered it useless for their business – they've got billions of dollars – however, for me and my family this circumstance has been traumatic and devastating and has endured for over six months even after Defendant USAA was made aware of the trouble they caused, and yet the Defendant has continued to respond to the trouble they caused with indignation and an obvious moral compass pointed towards limiting liability exposure more so than any motivation to do the right thing by me, their direct victim.

**PLAINTIFF'S OPPOSITION BRIEF AND REQUEST FOR DENIAL OF USAA FSB'S MOTION TO DISMISS**
**CASE NO. 4:21-cv-04519-JSW JSW**

1   USAA owed me a duty as a matter of law not to steal from me.  Given that in the State of

2   California car theft between citizens can be charged in criminal court as a felony, public policy

3   clearly supports that USAA breached a duty to me or any person to exercise ordinary care to avoid

4   causing injury to others.  Foreseeability of harm in breaching that duty and committing theft is

5   obvious. Clearly in this case there is moral blame attached to the defendant's conduct and the policy

6   of preventing future harm and consequences to the community call for recognizing USAA's duty to

7   exercise care with resulting liability for breach is in order.

8   

9   I have well documented medical records that outline my struggles and treatments with

10  Traumatic Brain Injury (TBI) I suffered while on Active Duty as a United States Army Officer.  At

11  the point when USAA stole my income producing vehicle and rendered it damaged and unavailable

12  for my use I had been doing really well health wise with my disabilities.  I had just gotten

13  specialized rose lens glasses that helped mitigate my light sensitivity and reduced the frequency and

14  severity of my migraines and I hadn't had a panic attack in months.

15  

16  However, the acts USAA committed against me which I have brought in complaint disrupted a

17  very delicate stasis and caused me considerable physical impact and harm in numerous ways.

18  Stress, trauma, and anxiety manifest in my body in severe and very physical ways.  They are

19  particularly harmful to me more so than most people because of my TBI.  The pain and suffering I

20  have endured since USAA's actions against me has been absolutely maddening because of the stress

21  and anxiety and its physical effects on me, and more. They took control of my life away from me.

22  They raped my livelihood.

23  

24  During the process of recovering my vehicle from USAA's theft via their goons I had to miss

25  scheduled counseling.  In the aftermath of getting my Durango back damaged and having not only

26  items of intrinsic emotional value stolen, but also practical things like my brand new specialized TBI

27  eye protection stolen by them as well, and then being disabled from earning income with my vehicle

28

due to the unsafe condition of it they caused my delicate statis was disrupted.  Since then I have been to the hospital numerous times with panic attacks, tachycardia, and endured a terrible uptick in onset of migraine aura.  I've gained weight and now weigh more than I ever have in my life.  I have been put on prescriptions I didn't need before to help relieve my anxiety and stress.  I have seen a huge increase in my plasma metanephrines which were at acceptable levels prior to USAA's acts against me for which I am seeking relief from this Court.  Metanephrines are made when your body breaks down hormones called catecholamines. These hormones are made by the adrenal glands. Catecholamines help your body respond to stress. They are sometimes called "fight or flight" hormones. They also include epinephrine, norepinephrine, and dopamine.  Probably right this moment as I type this briefing my metanephrines are rising simply out of the anger I feel that USAA is trying to evade responsibility the ways they are for the harm they caused me.  It makes me sick, figuratively and literally.

Simply put, NIED applies in this case. It is not simply appropriate, it is warranted. I should be allowed the opportunity to amend my complaint as I do have all the necessary documents, evidence, and reports that I can provide for the Court to judge on the merits if I am allowed to do so.

**V.**
**CONCLUSION**

For the foregoing reasons, I respectfully request the Court deny USAA FSB's Motion as moot without hearing and approve the Motion to Amend and Amended Complaint which I will file imminently.

Dated: June 23rd, 2021                    JOSHUA C. MAYNARD

By:  */s/ Joshua C. Maynard*
      JOSHUA C. MAYNARD, Plaintiff Pro Se

**PLAINTIFF'S OPPOSITION BRIEF AND REQUEST FOR DENIAL OF USAA FSB'S MOTION TO DISMISS**
**CASE NO. 4:21-cv-04519-JSW JSW**