JOSHUA N. KASTAN (SBN 284767)
jnk@dkmlawgroup.com
**DKM LAW GROUP, LLP**
535 Pacific Avenue, Suite 101
San Francisco, California 94133
Telephone: (415) 421-1100
Facsimile: (833) 790-5202

Attorneys for Defendant,
USAA FEDERAL SAVINGS BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSHUA MAYNARD,<br><br>  Plaintiff,<br><br> vs.<br><br>USAA FEDERAL SAVINGS BANK<br><br>  Defendant. | CASE NO.: 4:21-cv-04519-JSW<br>[*Formerly Sonoma County Superior Court Case No. SCV-268348*]<br><br>**DEFENDANT USAA FEDERAL SAVINGS BANK'S INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**<br>[*per Dkts. 8, 16*]<br><br>Judge:   Hon. Jeffrey S. White<br>Date:    October 1, 2021<br>Time:   11:00 a.m.<br>           *Via Telephonic Appearance* |

Pursuant to the Court's original Order Setting Case Management Conference (Dkt. 8) and the Clerk's Notice Continuing the Initial Case Management Conference (Dkt. 16), as well as N.D. Cal. Civil L.R. 16-9(a) and the Standing Order for All Judges of the Northern District of California, Defendant USAA Federal Savings Bank ("USAA FSB") hereby submits the following Initial Case Management Conference Statement in advance of the upcoming October 1, 2021 initial case management conference.

Because Plaintiff Joshua Maynard ("Plaintiff") is not represented by counsel, USAA FSB separately submits this Initial Case Management Conference Statement and it is not a joint filing. (*See* Dkt. 8, at 1:27-28; L.R. 16-9(a).)

///

**1.     Jurisdiction and Service**

This Court has subject matter jurisdiction (*i.e.*, diversity jurisdiction) pursuant to 28 U.S.C. § 1332 because there exists complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, excluding interest and costs.  (*See* Dkt. 1 *et seq.*)

Plaintiff is a citizen of the State of California, being a resident of the County of Sonoma, within the State of California.

USAA FSB is a federally chartered savings association with its principal place of business and home office in the State of Texas.  Pursuant to 12 U.S.C. § 1464(x), USAA FSB is a citizen of the State of Texas.

All parties have been served and have appeared.

USAA FSB does not believe there are any issues regarding personal jurisdiction or venue.

**2.     Facts**

Plaintiff obtained a consumer loan ("Loan") for approximately $50,000 from USAA FSB to finance the purchase of a 2014 Dodge Durango ("Vehicle") in 2015.  The note on the loan provided that FSB would have a security interest in the Vehicle, which USAA FSB appropriately perfected.

Plaintiff began falling behind on payments on the Loan in or around February 2019.  At the time Plaintiff stopped making payments on the Loan, the approximate outstanding balance owing on the Loan was $28,000.

In October 2019, Plaintiff subsequently filed for Chapter 7 bankruptcy, which was discharged in January 2020.  (*In re: Maynard*, N.D. Cal. Bk. Ct., Case No. 19-10745.) While the bankruptcy case was pending, Plaintiff represented in bankruptcy court filings that he wished to retain the Vehicle and would attempt to obtain new terms for payment of the Loan.  (*See, e.g.*, *In re: Maynard*, Statement of Intention for Individuals Filing Under Chapter 7, Dkt. 13, filed October 16, 2019.)  However, Plaintiff neither accomplished nor confirmed any renegotiated terms of the Loan with USAA FSB.

USAA FSB subsequently initiated proceedings to repossess the Vehicle.  Following its repossession, the Vehicle was sold at a lien sale back to Plaintiff.

Plaintiff alleges that USAA FSB wrongfully repossessed his Vehicle in early 2020.  Plaintiff

further alleges that while the vehicle was in the custody of After Hours Auto Recovery tow service, items from the vehicle were removed and the vehicle was damaged to the point of inoperability.

Plaintiff has alleged claims against USAA FSB for negligence, negligent misrepresentation, negligent infliction of emotional distress (which is the subject of USAA FSB's pending Fed. R. Civ. P. 12(b)(6) Motion to Dismiss), and conversion. Plaintiff seeks actual, compensatory, treble damages, and punitive damages against USAA FSB.

USAA FSB denies all of Plaintiff's allegations against it. Plaintiff failed to meet his obligations under the Loan, participated in a sham lien sale to obtain the Vehicle following its repossession, and Plaintiff did not re-take the Vehicle free and clear of USAA FSB's lien, nor in good faith, because he re-purchased the Vehicle knowing that the sale was in violation of USAA FSB's ownership rights and security interest. Plaintiffs damages claims are also highly suspect, especially given that he has enjoyed the use and possession of the Vehicle without concomitantly fulfilling his obligations under the Loan.

**3.     Legal Issues**

USAA FSB believes that the legal issues involved in this case include but are not limited to the following:

- Whether the lien sale of the Vehicle was valid or void (Cal. Civ. Code § 3072);
- Whether USAA FSB's security interest in the Vehicle remained valid notwithstanding Plaintiff's Chapter 7 bankruptcy discharge (*see Dewsnup v. Timm*, 502 U.S. 410, 418 (1992) ["Secured debt remains enforceable against the secured property despite the debtor's discharge in Chapter 7 . . . ."]);
- Whether the lien sale was a sham (*see* Cal. Civ. Code § 3070; *see, e.g.*, *Los Angeles Federal Credit Union v. CarMax Auto Superstores California LLC*, 2015 WL 1524455, at *1 (Cal. Ct. App., April 2, 2015) [unreported decision, but nonetheless instructive and analogous to the instant case]);
- Whether Plaintiff is a "buyer in the ordinary course" and if not, that he re-took a Vehicle without acting in good faith and with knowledge that the Vehicle was not free and clear of USAA FSB's lien such that the lien sale was in violation of USAA

      FSB's ownership rights and security interest in the Vehicle (*see T&O Mobile Homes, Inc. v. United California Bank*, 40 Cal.3d 441, 447 (1985));

- Whether Plaintiff is in breach of his obligations under the Loan;
- Whether Plaintiff must transfer legal title to the Vehicle back to USAA FSB and, if so, relinquish the Vehicle to USAA FSB;
- Whether Plaintiff can prove any of his substantive or damages claims against USAA FSB, including whether these claims fail as a matter of law; and
- If, *arguendo*, Plaintiff can prove any of his claims, the amount of damages that Plaintiff is entitled to recover.

**4.**     **Motions**

      USAA FSB's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss the Fourth Cause of Action in Plaintiff's First Amended Complaint (Dkt. 17 *et seq.*) is fully briefed and under submission.

      USAA FSB anticipates that it may file a motion for summary judgment and/or a motion for partial summary judgment.

**5.**     **Amendment of Pleadings**

      Plaintiff has already amended his original Complaint once, to which USAA FSB responded with a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

      USAA FSB is contemplating asserting counter-claims against Plaintiff (which may include claims for breach of contract and specific performance), which it will either file simultaneously with its Answer after the pending Motion to Dismiss is decided in the time required under Fed. R. Civ. P. 12(a)(4) and 13 or it may seek leave of Court to do so at a later date.

**6.**     **Evidence Preservation**

      USAA FSB and its counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. USAA FSB's counsel agrees to meet and confer with Plaintiff pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.**     **Disclosures**

      The parties have not yet exchanged initial disclosures and respectfully requests that the

Court set a date for the parties to reciprocally exchange initial disclosures as it is unclear whether there is presently a deadline set for initial disclosures given the prior continuance of the case management conference and the pending Motion to Dismiss.

USAA FSB proposes that the parties serve reciprocal Rule 26 disclosures by October 15, 2021—14 days from the October 1, 2021 initial case management conference.

**8.     Discovery**

No discovery has yet occurred in this case to date.

USAA FSB anticipates discovery will include, but may not be limited to:

- Written discovery to Plaintiff regarding all of the allegations in the operative Complaint (including Interrogatories, Requests for Production, and/or Requests for Admission);
- Deposition of Plaintiff;
- Third-party document subpoenas to: (1) X-Men Towing; (2) Del Mar Recovery Solutions; and (3) After Hours Auto Recovery.

USAA FSB does not believe any modification to the Fed. R. Civ. P. or any stipulated e-discovery order is necessary at this time. USAA FSB is not aware of any discovery disputes as this time, as no discovery has yet occurred.

**9.     Class Actions**

Not applicable.

**10.    Related Cases**

None.

**11.    Relief**

USAA FSB does not presently seek any affirmative relief against Plaintiff. However, USAA FSB reserves the right to seek to assert (to the extent permitted under the Fed R. Civ. P. and/or with leave of this Court) counter-claims against Plaintiff as noted above.

**12.    Settlement and ADR**

Especially given Plaintiff's self-represented status and the claims alleged, USAA FSB believes that this case would benefit from an early settlement conference with a magistrate and

respectfully requests a referral to a magistrate judge for scheduling such a conference.

**13.   Consent to Magistrate Judge for All Purposes**

All parties do not consent to the jurisdiction of a magistrate.

**14.   Other References**

USAA FSB does not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

USAA FSB's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss the Fourth Cause of Action in Plaintiff's First Amended Complaint (Dkt. 17 *et seq.*) is fully briefed and under submission. As a result, the pleadings are not yet at-issue.

At this time, USAA FSB believes it is premature to narrow the issues through stipulation. Once discovery opens and progresses, USAA FSB will continue to re-evaluate this issue.

**16.   Expedited Trial Procedure**

USAA FSB does not believe that this case should be handled on an expedited basis.

**17.   Scheduling**

USAA FSB proposes the following schedule for discovery, motions, and trial:

| | |
|---|---|
| • Non-Expert Discovery Cutoff: | Friday, August 26, 2022 |
| • Fed. R. Civ. P. 26(a)(2) Expert Disclosures: | Friday, September 23, 2022 |
| • Fed. R. Civ. P. 26(a)(2) Rebuttal Disclosures: | Friday, October 21, 2022 |
| • Expert Discovery Cut-Off: | Friday, November 18, 2022 |
| • Dispositive Pre-Trial Motion Filing Cut-Off: | Friday, December 9, 2022 |
| • Pretrial Conference Statements: | Monday, February 13, 2023 |
| • Pretrial Conference: | Monday, February 27, 2023, at 2:00 p.m. |
| • Jury Selection: | Wednesday, March 8, 2023, at 8:00 a.m. |
| • Proposed Trial Date: | Monday, March 13, 2023, at 8:00 a.m. |

**18. Trial**

USAA FSB requests a jury trial in March 2023, or as soon thereafter as the Court's schedule allows, and estimates the trial will last two to three days as presently pleaded.

**19. Disclosure of Non-Party Interested Entities or Persons**

USAA FSB filed its Corporate Disclosure Statement on June 11, 2021.  (Dkt. 2.)

The undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

| | |
|---|---|
| Joshua Maynard | Plaintiff |
| USAA FSB | Defendant |

USAA FSB is a federally chartered savings association.  It is not publicly held.  It is a wholly owned subsidiary of USAA Capital Corporation ("USAA CAPCO") which is not publicly held.  USAA CAPCO is a wholly owned subsidiary of United Services Automobile Association ("USAA").  USAA is a reciprocal interinsurance exchange domiciled in Texas that is an unincorporated association.  USAA has no parent corporation and is not a publicly traded company.

**20. Professional Conduct**

Counsel for USAA FSB is familiar with and has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

As noted above, given the status of the pleadings in this case as well as Plaintiff's self-represented status, USAA FSB respectfully requests a referral to a magistrate judge for an early settlement conference in this matter.

USAA FSB has not identified any other matters that may facilitate the just, speed, and inexpensive disposition of this matter.

///

///

1  Dated: September 23, 2021            DKM LAW GROUP, LLP

                                        By _____
                                            JOSHUA N. KASTAN
                                            Attorneys for Defendant
                                            USAA FEDERAL SAVINGS BANK