Plaintiff:
JOSHUA MAYNARD
au4504@yahoo.com
740 Ely Blvd S
Petaluma, CA  94954

Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MAYNARD<br><br>    Plaintiff,<br><br>v.<br><br>USAA FEDERAL SAVINGS BANK,<br><br>    Defendant. | CASE NO. 4:21-cv-04519-JSW JSW<br><br>*[Formerly Sonoma County Superior Court Case No. SCV-268348]*<br><br>**PLANTIFF PRO SE'S INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**<br>[per Dkts. 8, 16] |
| | **Judge:**  Hon. Jeffrey S. White<br>**Date:**   October 1, 2021<br>**Time:**   11:00 a.m.<br>*Via Telephonic Appearance* |

Pursuant to the Court's original Order Setting Case Management Conference (Dkt. 8) and the Clerk's Notice Continuing the Initial Case Management Conference (Dkt. 16), as well as N.D. Cal. Civil L.R. 16-9(a) and the Standing Order for All Judges of the Northern District of California, Plaintiff Pro Se Joshua Maynard hereby submits the following Initial Case Management Conference Statement in advance of the upcoming October 1, 2021 initial case management conference.

Because I am not represented by counsel, I separately submit this Initial Case Management Conference Statement and it is not a joint filing. (See Dkt. 8, at 1:27-28; L.R. 16-9(a).)

///

## 1. JURISDICTION

This Court has subject matter jurisdiction (i.e., diversity jurisdiction) pursuant to 28 U.S.C. § 1332 because there exists complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, excluding interest and costs. (See Dkt. 1 et seq.)

Plaintiff is a citizen of the State of California, being a resident of the County of Sonoma, within the State of California.

USAA FSB is a federally chartered savings association with its principal place of business and home office in the State of Texas. Pursuant to 12 U.S.C. § 1464(x), USAA FSB is a citizen of the State of Texas. Plaintiff does not believe there are any issues regarding personal jurisdiction or venue.

## 2. SERVICE

All parties have been served and have appeared.

## 3. FACTS

Although Defendant USAA FSB once had a valid security interest in the 2014 Dodge Durango I own, in November 2020 they did not.  They were legally removed of any title and legal ownership of that property by the State of California in August 2020 after I purchased it outright in a lien sale which is a standard, normal process in qualifying circumstances as it was. Although once upon a time I was a USAA Member and have previously had numerous loans, insurance policies, credit cards, and overall debts to them, the Defendant, in November 2020 I was no longer a USAA member nor did I owe them any debts.  In January 2020 U.S. Courts had discharged my remaining debts to USAA in bankruptcy proceedings and issued an Order which forbid them, the Defendant, from any further actions to attempt to collect those discharged debts from me, lest they face legal repercussions.  Regardless of these legal facts the Defendant USAA FSB decided to play corporate vigilante and take the law into their own hands.  In November 2020 they defied the U.S. Court's order and the State of California's legal certificate of title and sent agents to come steal my Durango.

Under the Defendant USAA FSB's order, their agents did steal my Durango on or about November 30th, 2020. In the course of so doing the Defendant committed numerous violations of law. I had to get multiple police departments involved in the situation to recover my stolen vehicle. When I eventually did recover it from USAA FSB's hired agents property had been stolen from it and it had been damaged mechanically in ways which made it unsafe to drive without repair first. My Durango, which USAA FSB stole and damaged, was previously an income producing asset for me. The loss of use of it due to USAA FSB's illegal conduct cost me lost revenue, thrust my family and I further into poverty, and created a situation which caused me serious emotional distress for over sixth months as I attempted to get them to right their wrongs short of litigation and endeavored to somehow recover from the damage they caused to my family and I.

In the course of USAA FSB's conduct in these matters they committed Conversion, Negligence, Negligent Misrepresentation, and Negligent Infliction of Emotional Distress, which have all been asserted in the First Amended Complaint for this case. They are also guilty of at least three additional causes of action  - Contempt of Court, Breach of the Peace, and Intentional Infliction of Emotional Distress - which I intend to assert in a Second Amended Complaint in the near future.

Disgracefully, rather than take responsibility for their wrongs, the Defendant has chosen to throw good money after bad in attempt to try to validate their illegal behavior. If USAA FSB had some dispute with the lien sale or title status of the Durango in November 2020 the law does not allow for them to simply steal the disputed property and say it's theirs, as they did. Rather, they would have to file a case in court. The Defendant has ample financial and legal resources and processes in place to bring title claims to Court as a Federal Savings Bank in the business of car lending for at least over 20 years. However, rather than take legal action they took illegal action.

As such a large Federal Savings Bank and Servicemember affiliated organization the Defendant USAA FSB's conduct deserves exceptional rebuke.

### 4. LEGAL ISSUES

The foremost issue in this case relates to the Conversion Cause of Action. USAA FSB had no legally recognized security interest in the Durango at the time they ordered it to be stolen from me. While the lien sale that removed the Defendant's interest in the Durango was completely "by the book" and legal, whether it was or not is moot in this case. Believing one has a claim to something is not the same thing as having recognized legal title and ownership. USAA FSB can think they have some claim all day long, but that doesn't entitle them to steal from the person who actually has the recognized legal ownership by the State of California. They can "think" they have some standing to collect a discharged debt, but that doesn't entitle them to disobey a Court order that tells them otherwise. Their posturing of a counterclaim is objectionable, and pathetic. It's irrelevant. My title and sole ownership of the Durango were fully legal when the Defendant converted it. They had no legal standing to take my property. I did not give them permission and they even continued to withhold it when I demanded it be returned to me.

Once it is recognized that USAA FSB committed Conversion as I have asserted the remaining causes of action of Negligence and Negligent Misrepresentation are pretty straight forward. The yet to be asserted Causes of Action of Contempt of Court and Breach of the Peace are pretty clear cut too. The facts of these matters will further prove the impact of USAA FSB's illegal conduct which merits the damages I have sought to include the emotional distress claims that I have asserted and should continue to assert against the Defendant.

### 5. MOTIONS

Defendant USAA FSB's Motion to Dismiss Plaintiff's Fourth Cause of Action in the First Amended Complaint is pending ruling. Plaintiff intends to Motion to Amend the Complaint a

second time following the ruling on Defendant's pending motion to add additional causes of action against the Defendant.

### 6. AMENDING THE COMPLAINT

Plaintiff has amended the original Complaint once in response to Defendant USAA FSB's Motion to Dismiss the Fourth Cause of Action against it to clarify the pleadings. Plaintiff intends to Motion to Amend the Complaint a second time following the ruling on Defendant's currently pending motion against the First Amended Complaint to add additional causes of action against the Defendant.

### 7. EVIDENCE PRESERVATION

Plaintiff will review the Guidelines Relating to the Discovery of Electronically Stored Information. Plaintiff agrees to meet and confer with Defendant pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  Plaintiff requests that the Defendant preserve all call recordings between the parties which occurred between January 2020 until present.

### 8. INITIAL DISCLOSURES

The parties have not yet exchanged initial disclosures and I respectfully request that the Court set a date for the parties to reciprocally exchange initial disclosures as it is unclear whether there is presently a deadline set for initial disclosures given the prior continuance of the case management conference and the pending Motion to Dismiss.

Based on the Defendant's Case Management Statement (Dkt. 24) Plaintiff anticipates that the Defendant will request extraneous and unnecessary information that is irrelevant to the actual matters at hand which will require the Plaintiff to file objections and argue over before disclosure requirements are fully determined.  Simply put, I anticipate the Defendant will continue to meritlessly posture and require excessive time from my life that I would not otherwise have to

expend (as I work full time and take care of my children as a 100% single parent without the privilege of a law degree, a staff, nor paralegal work force) had the Defendant not committed the crimes against me which they have.

Therefore, I request the Court set dates that provide ample time for me to meet deadlines given rather than quick deadlines which would cause me unnecessary hardship or result in poor quality submissions.

### 9. DISCOVERY

No discovery has occurred yet in this case.

Plaintiff at a minimum will request call recordings which are believed to be in the Defendant USAA FSB's possession that capture oral communications between the parties during the timeframe of January 2020 until present. There may be more, but for now those are the only things I think I need from the Defendant in addition to the exhibits I have already submitted to prove this very clear cut case.

I am unaware if any modification to the Fed. R. Civ. P. or any stipulated e-discovery order is necessary at this time. I am not aware of any discovery disputes as this time, as no discovery has yet occurred.

### 10. CLASS ACTIONS

Not applicable.

### 11. RELATED CASES

None that I know of.

### 12. RELIEF SOUGHT

I want every penny that the law might award me from the Defendant USAA FSB in this circumstance. I want to be made whole for every bit of inconvenience and hardship I have endured as a result of the Defendant's criminal conduct and corporate vigilantism. They have abused their

standing as a Federal Savings Bank and Servicemember affiliated organization and treated my family and I with indignation when confronted with their wrongs.  I believe our society would see benefit in rulings by the Court which would strongly deter such conduct by them or other similar organizations in the future.  As such, I, Plaintiff, seeks actual, compensatory, serious emotional distress, treble, and punitive damages against USAA FSB, plus interest and Pro Se attorney's fees.

### 13. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION ("ADR")

I sent the Defendant a demand letter almost 10 months ago providing them the opportunity to settle these matters short of litigation that was met with disrespect from them towards me.  I have made no further attempt to settle this case with them.  Clearly, they'd rather pay DKM to help them evade accountability than actually make right on the wrongs they've committed against me.  I am amenable to the Court's guidance on the best potential way to handle any pretrial settlement and/or ADR requirements that exist.

### 14. CONSENT TO HAVE A MAGISTRATE JUDGE HEAR THE CASE

I consent to a Magistrate Judge.  The Defendant does not.

### 15. OTHER REFERENCES

Not applicable.

### 16. NARROWING OF THE ISSUES, CLAIMS, OR DEFENSES

Defendant USAA FSB doesn't seem willing to agree that anything they did was wrong.  Not much I can do with that.  I don't think we can narrow any issues at present.

### 17. EXPEDITED TRIAL PROCEDURE

This case is clear cut.  I believe it is fit to be handled on an expedited basis. I still have unrepaired damages to my vehicle as part of my claim which deserves cure ASAP.  As far as I am concerned the Defendant is long overdue in paying their bill to me and I wish trial was already done yesterday, figuratively.

### 18. SCHEDULING

I am amenable to the Court's discretion on scheduling yet request consideration of the facts that I don't have a law degree, staff, or paralegal workforce and work full time while also upholding 100% parenting responsibilities to two dependents. It takes me much more time to prepare against the requirements of this case than it might take the Defendant. My request is simply that any deadlines that require me to prepare deliverables be given some buffer time against whatever the normal lawyer vs. lawyer timelines might be.

### 19. TRIAL

A jury seems unnecessary to me for this case. I see the facts and issues as very clear cut. I'd rather skip the extraneous additional administrative steps and time requirements that I imagine jury selection entails and bring this case directly before the Judge. It seems a huge waste of resources and disruptive to lives to require a jury given how obviously wrong the Defendant's conduct has been which led to this case. But, I understand that if the billionaire Defendant wants a jury they should have it. Whether in front of a jury or only in front of the Judge the facts will paint the picture just the same. Frankly, jurors might just work in my favor. So be whatever the Court decides.

### 20. DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES

None.

### 21. OTHER MATTERS

When Defendant's pending Motion to Dismiss is decided I will Motion to Amend Complaint.

///

Dated: September 24th, 2021           JOSHUA C. MAYNARD

By:  */s/ Joshua C. Maynard*
       JOSHUA C. MAYNARD, Plaintiff Pro Se