UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MAYNARD,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION FEDERAL SAVINGS BANK,<br><br>    Defendant. | Case No. 21-cv-04519-JSW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE AND DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos., 59, 60, 61, 62, 63, 64, 65 |

Now before the Court is USAA Federal Savings Bank ("Defendant")'s motion to strike a sentence from the Second Amended Complaint and Defendant's motion to dismiss the claim for violation of 15 U.S.C. section 1692d. Plaintiff Joshua Maynard ("Plaintiff") also moves for leave to file a motion for reconsideration of this Court's order dismissing the proposed intentional infliction of emotional distress claim and the omission of the Contempt of Court claim. The Court GRANTS Defendant's motion to strike, GRANTS Defendant's motion to dismiss, and DENIES Plaintiff's motion for leave to file a motion for reconsideration.

**BACKGROUND**

This case arises from the repossession of Plaintiff's 2014 Dodge Durango. Plaintiff used his Durango as collateral to refinance a loan with Defendant. In his Second Amended Complaint ("SAC"), Plaintiff alleges that on January 7, 2020, the outstanding balance of $27,644.02 on his Durango was discharged in a Chapter 7 Bankruptcy proceeding. On January 15, 2020, Plaintiff received notice that Defendant intended to repossess the Durango. Plaintiff alleges he surrendered his Durango to Defendant's agents on February 11, 2020 by parking his car in an Extended Stay America parking lot. However, the Durango was not repossessed by Defendant's agents and the

1 Durango was towed from the parking lot by X-Men Towing in May 2020. Plaintiff allegedly received notice from X-Men Towing of a pending lien sale for the Durango and Plaintiff then purchased the Durango around June 16, 2020. Around November 29, 2020, Defendant allegedly sought to repossess the Durango. Defendant repossessed the Durango from Plaintiff's home around November 30, 2020. Plaintiff recovered his Durango on December 2, 2020.

On March 13, 2022, Plaintiff, proceeding *pro se*, moved to amend his complaint for the second time to add a cause of action for intentional infliction of emotional distress ("IIED"), violation of California Commercial Code section 9609(b)(2) for breach of the peace, Contempt of Court, and violations of the Rosenthal Act. The Court granted Plaintiff's motion to amend to include claims under the Rosenthal Act but denied Plaintiff's motion to add claims under Section 9609(b)(2). The Court also dismissed the IIED claim on the basis that Plaintiff had failed to allege sufficient facts. The Court did not address the Contempt of Court claim. Plaintiff now moves for leave to file a motion for reconsideration for his IIED and Contempt of Court claims pursuant to Civil Local Rule 7-9(b)(1) and 7-9(b)(3).

Defendant moves to strike pursuant to Federal Rule of Civil Procedure 12(f). Defendant moves to dismiss the claim for violations of 15 U.S.C. section 1692d ("Section 1692d") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ANALYSIS

**A.  Motion to Strike.**

Defendant moves to strike the last sentence of Paragraph 3 of Plaintiff's SAC pursuant to Federal Rule of Civil Procedure 12(f). The sentence reads:

> He, the Plaintiff, has an additional legal claim against USAA surrounding their bad faith insurance dealings with him and subsequent cancellation of his membership in 2019 which he retains the right to bring before a Court in a separate compliant at some point in the future yet to be determined.

**1.  Applicable Legal Standard.**

Under Rule 12(f), a party may seek to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter "is that which has no essential or important relationship to the claim for relief or the

defenses being pleaded." *California Dep't of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id.* The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)) (internal quotation marks omitted).

A motion to strike will be granted "if inclusion of the allegations creates a serious risk of prejudice to the moving party, delay, or confusion of the issues." *Dower v. Bridgestone Firestone N. Am. Tire*, 2008 U.S. Dist. LEXIS 137151, at *10 (N.D. Cal. Feb. 22, 2008). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y. Mellon*, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone*, 618 F.3d at 973).

**2.     Last Sentence in Paragraph 3 is Irrelevant.**

Defendant argues the last sentence of Paragraph 3 from Plaintiff's SAC should be stricken because it is "immaterial, impertinent, and redundant, as well as irrelevant to any matter at issue in this proceeding." (Motion at 2.) Plaintiff's claims of bad faith and the subsequent cancellation of his membership in 2019 relate to insurance matters and are not related to Plaintiff's current claim of unlawful repossession by Defendant of the Durango. Allowing an additional insurance matter unrelated to Plaintiff's current claims would lead to confusion of the issues. *See Dower*, 2008 U.S. Dist. LEXIS 137151, at *11 (granting the motion to strike because allegations of statutory violations are not relevant to the central issue and would only confuse the inquiry for the trier of fact).

Further, Plaintiff concedes the sentence in question is "irrelevant and immaterial to this instant case" and has no argument against striking the sentence. (Opp. at 2.)

Accordingly, Court GRANTS Defendant's motion to strike.

**B.      Motion to Dismiss.**

Defendant argues Plaintiff's claim under Section 1692d should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**1.      Applicable Legal Standard.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Because Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).  If a plaintiff has previously amended a complaint, a court has "broad" discretion to

4

deny leave to amend. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

### 2. Violation of Section 1692d Claim.

Under Section 1692d of the Fair Debt Collection Practices Act, "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Possible violations of this statute include: use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person; use of obscene or profane language that would abuse the hearer or reader; publication of a list of consumers who allegedly refused to pay debts; advertisements for sale of any debt to coerce payment of debt; repeatedly or continuously calling any person with intent to annoy, abuse, or harass; or placing telephone calls without disclosing the caller's identity. 15 U.S.C. § 1692d(1)-(6). The list of "proscribed abusive and harassing activities in Section 1692d is non-exhaustive." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 932 (N.D. Cal. 2013).

The Ninth Circuit has addressed what type of facts can establish a Section 1692d violation. "Threatening and intimidating calls to a consumer at an inconvenient time or place could rationally support a jury finding of harassing conduct." *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994). "A trier of fact would certainly be reasonable in finding that, if [the debt collector] *knew* the debt [they] were collecting was invalid, the natural consequence of repeatedly calling [the Plaintiff] to demand payment of that debt was to 'harass, oppress, or abuse.'" *Clark v. Cap. Credit & Collection Servs.*, 460 F.3d 1162, 1178 (9th Cir. 2006). A plaintiff survived the defendant's motion to dismiss by alleging facts such as threats from defendant to contact plaintiff's husband's employer to garnish wages to pay back debt, statements of how plaintiff was "choosing the wrong decision to go up against BofA," and being called a thief and un-American. *Skinner v. Green Tree Servicing* LLC, 2012 U.S. Dist. LEXIS 177569, at *21-22 (N.D. Cal. Dec. 14, 2012).

Here, Plaintiff has failed to allege sufficient facts to state a plausible claim for relief under Section 1692d. Plaintiff does not allege facts in his SAC that indicate Defendant engaged in

harassing, oppressive, or abusive behavior. Instead, Plaintiff has made conclusory statements about Defendant's repossession of Plaintiff's Durango. For example, Plaintiff alleges Defendant repossessed the Durango by "negligently misrepresenting USAA Federal Savings Bank as a Lien Holder" and "USAA FSB willfully acted with negligence . . . in an attempt to commit theft of my property when they issued that order." (SAC ¶ 17.) Plaintiff also alleges that the phone call with the USAA representative about the repossession of his Durango was "dismissive" and "abhorrent conduct." (*Id.* ¶ 21.) Plaintiff did not allege any facts that establish conduct considered a violation of Section 1692d, like unwanted phone calls or any specific statements by Defendant that would arise to the level of harassment, oppression, or abuse.

Further, as the Court has permitted amendment of the complaint two times, the Court does not find good cause to allow leave to amend again.

Accordingly, the Court GRANTS Defendant's motion to dismiss the claim for violation of Section 1692d without leave to amend.

C.  **Motion for Leave to File a Motion for Reconsideration.**

Plaintiff moves for leave to file a motion for reconsideration of this Court's dismissal of the proposed IIED claim and for reconsideration of the Contempt of Court claim.

1.  **Applicable Legal Standard.**

Under Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Metoyer v. Chassman*, 248 Fed. Appx. 832, 835 (9th Cir. 2007) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

6

"However, mere disagreement with a court's order does not provide a basis for reconsideration." *Durkee v. Ford Motor Co.*, 2015 U.S. Dist. LEXIS 31227, at *5 (N.D. Cal. March 13, 2015) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999)).

**2. IIED Claim.**

Plaintiff argues for reconsideration of the Court's denial of leave to include an IIED claim in Plaintiff's SAC.

A claim for IIED exists when there is "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009). Courts have emphasized that extreme and outrageous conduct is conduct that "go[es] beyond all possible [bounds] of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1608 (2009) (quotation omitted). "With respect to the requirement that the plaintiff show severe emotional distress [for an IIED claim]," the California Supreme Court "has set a high bar." *Hughes*, 46 Cal. 4th at 1051. "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Id.* (citation and internal quotation marks omitted).

Here, Plaintiff failed to allege sufficient facts to state a plausible claim for relief of such severe emotional distress. Because Plaintiff is proceeding *pro se*, the Court liberally considers the facts alleged in the SAC, Plaintiff's motion for leave to file a motion for reconsideration, and Plaintiff's motion to amend. However, Plaintiff still fails to allege facts that establish extreme and outrageous conduct by Defendant that is beyond all possible bounds of decency. For example, the courts have found conduct goes beyond all reasonable bounds of decency when a debt collector demands payment in a rude and insolent manner, *in addition* to other factors like defendant's knowledge of plaintiff's susceptibility to emotional distress because of some physical or mental condition. *Bundren v. Superior Court*, 145 Cal. App. 3d 784, 790 (1983). Plaintiff has not alleged such facts here.

Plaintiff's allegations of distress are also insufficient to meet the "high bar" required to show severe emotional distress. *See Hughes*, 46 Cal. 4th at 1051. Plaintiff alleges distress like "panic attacks and migraines, feeling helpless and powerless, humiliat[ion], suffering [from] tachycardic episodes, severe increase in stress and metanephrines, anxiety, multiple visits to the ER, and addition of new anxiety relieving prescriptions." (Motion at 8.) However, the California Supreme Court held assertions of distress like "discomfort, worry, anxiety, upset stomach, concern, and agitation" do not rise to a quality of emotional distress that no reasonable person in civilized society should be expected to endure. *Hughes*, 46 Cal. 4th at 1051.

Plaintiff also does not raise any of the grounds which would permit reconsideration under Civil Local Rule 7-9(b)(1)-(3).

Accordingly, the Court DENIES Plaintiff's motion for leave to file a motion for reconsideration on the IIED claim.

### 3. Contempt of Court Claim.

Plaintiff argues for reconsideration of his Contempt of Court claim because the Court did not previously address it.

"The 'contempt power' is an inherent power of the judiciary which must be exercised with restraint and discretion." *Racioppi v. Bosov*, 2021 U.S. Dist. LEXIS 180458, at *27 (C.D. Cal. March 29, 2021) (citing *Institute of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 951 (9th Cir. 2014)). "The purpose of the contempt proceedings is to uphold the power of the court and to ensure that the court's vindication of litigants' rights is not merely symbolic." *Id.* at 28. The contempt power can be utilized by courts to penalize disobedience of judicial orders and this ability is "essential in ensuring that the Judiciary has a means to vindicate its own authority without complete dependence on other branches." *In re Sequoia Auto Brokers*, 827 F.2d 1281, 1284 (9th Cir. 1987) (citing *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 796 (1987)).

Here, Plaintiff argues Defendant "committed Contempt of Court for having disobeyed the order of the Bankruptcy Court." (Motion at 13.) Contempt of Court is not a cause of action that can be alleged in a complaint by a plaintiff. Instead, the contempt power is a specific power given

8

to the courts. A court could exercise this power to hold a party in contempt when a court order is not followed, but a court must do so with "restraint and discretion." *See Racioppi*, 2021 U.S. Dist. LEXIS 180458, at *27.

Accordingly, the Court DENIES Plaintiff's motion for leave to file a motion for reconsideration on the Contempt of Court claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to strike, GRANTS Defendant's motion to dismiss the claim for violation of Section 1692d, and DENIES Plaintiff's motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: September 9, 2022

_____
JEFFREY S. WHITE
United States District Judge