1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11   JOSHUA MAYNARD,                          Case No.  21-cv-04519-JSW

                  Plaintiff,
12
                                              **ORDER DENYING PLAINTIFF'S**
13        v.                                  **MOTION FOR LEAVE TO FILE**
                                              **MOTION FOR RECONSIDERATION**
14   UNITED SERVICES AUTOMOBILE               **AND DENYING PLAINTIFF'S**
     ASSOCIATION FEDERAL SAVINGS              **MOTION TO ALTER JUDGMENT**
15   BANK,
                                              Re: Dkt. Nos. 87, 88
                  Defendant.
16

17       Now before the Court for consideration are the motion for leave to file a motion for

18  reconsideration and a motion to alter or amend the judgment filed by Plaintiff Joshua Maynard

19  ("Plaintiff"), appearing *pro se*.  The Court has considered the parties' papers, relevant legal

20  authority, and the record in this case, and it finds the motion to alter judgment suitable for

21  disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  Accordingly, the hearing date of

22  June 16, 2023, is HEREBY VACATED.  For the following reasons, the Court DENIES Plaintiff's

23  motions.

24                                **BACKGROUND**

25       On March 31, 2023, this Court issued an order granting Defendant United Services

26  Automobile Association Federal Saving Bank ("Defendant")'s motion for summary judgment and

27  entered judgment in this matter.  On April 7, 2023, Plaintiff simultaneously filed a motion for

28  reconsideration of the Court's order as well as a motion to alter or amend the judgment pursuant to

1    Federal Rule of Civil Procedure 59.[1]

2    **A.      Motion for Leave to File Motion for Reconsideration.**

3            Under Local Rule 7-9(b), reconsideration may be sought only if one of the following

4    circumstances exists: (1) a material difference in fact or law from that presented to the Court prior

5    to issuance of the order that is the subject of the motion for reconsideration; (2) new material facts

6    or a change of law occurring after issuance of such order; or (3) a manifest failure by the Court to

7    consider material facts or dispositive legal arguments that were presented to the Court before

8    issuance of such order.  N.D. Civ. L.R. 7-9(b)(1)-(3).  In addition, a party seeking leave to file a

9    motion for reconsideration may not reargue any written or oral argument previously asserted to the

10   Court.  N.D. Civ. L.R. 7-9(c); *see also United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D.

11   Cal. 2005), rev'd on other grounds, 474 F.3d 1150 (9th Cir. 2007) ("A motion for reconsideration

12   is not to be used as a means to reargue a case or to ask a court to rethink a decision it has made.").

13          First, a motion for reconsideration can only be brought "[b]efore entry of a judgment

14   adjudicating all of the claims and the rights and liabilities of all of the parties in a case."  N.D. Civ.

15   L.R. 7-9(a).  The Court's order granting summary judgment did adjudicate all of the claims, rights, and

16   liabilities of all the parties in this matter.  Therefore, the motion for reconsideration is procedurally

17   improper.  However, the Court has reviewed the substance of Plaintiff's motion and finds that it did

18   not fail to consider facts or dispositive legal arguments originally presented to the Court in the parties'

19   briefing on summary judgment.  The arguments in the motion for reconsideration were formerly

20   presented to the Court and thoroughly considered.  Further, there has been no new material facts

21   introduced or change in law which has occurred after issuance of the order that mandate

22   reconsideration of the Court's order and entry of judgment.  Accordingly, the Court DENIES

23   Plaintiff's motion for reconsideration.

24

25   _____

26   [1] It appears the content of the two filings is nearly identical, with the exception of the title of the
     motions, the footers, some minor edits, and the introductory paragraph.  The Court understands
27   that Plaintiff seeks basically the same relief in both motions and, proceeding *pro se*, has been
     comprehensive in his approach.  Both filings include a request to recuse the undersigned.  (*See*
28   Motion for Reconsideration at 17; Motion to Alter Judgment at 17.)  Plaintiff also filed an appeal
     which has been held in abeyance pending resolution of these motions.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.      Motion to Alter Judgment.**

The Court may alter or amend a judgment if "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent a manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Relief under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

After a thorough review of the submissions by Plaintiff, the Court does not find that its order granting Defendant's motion for summary judgment and entering judgment was premised upon manifest errors of law or fact.  The Court also finds that Plaintiff has re-argued the same facts and law contained in his opposition to the original motion and there is no newly discovered or previously unavailable evidence presented.  Although, again, the Court finds the underlying facts and circumstances regarding the ownership and repossession of Plaintiff's Dodge Durango to be unfortunate, the Court does not find that its order resolving the motion for summary judgment and entering judgment in Defendant's favor was a manifest injustice.  Lastly, there has been no intervening change in controlling law justifying amendment.

Accordingly, the Court DENIES Plaintiff's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59.

**C.      Request for Recusal.**

In both of his motions, Plaintiff asserts that the Court should recuse itself on the basis that the Court is favorable to Defendant based on the Court's decision to grant summary judgment and enter judgment.  Because Plaintiff has not shown that reconsideration or relief from judgment is warranted, the request for recusal is moot.  In any event, 28 U.S.C. section 455(a) "require[s] recusal only if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988).  Judges are presumed to be impartial and, accordingly, parties seeking

recusal bear "the substantial burden of proving otherwise." *United States v. Dehghani,* 550 F.3d

716, 721 (8th Cir. 2008) (internal quotation marks and citation omitted). Here, Plaintiff seeks

recusal based on this Court's rulings, but an adverse judicial ruling is not an adequate basis for

recusal. *Litkey v. United States*, 510 U.S. 540, 549 (1994); *Leslie v. Grupo ICA*, 198 F.3d 1152,

1160 (9th Cir. 1999). Plaintiff's request for recusal is DENIED.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to file a motion

for reconsideration and Plaintiff's motion to alter or amend the judgment. The Court also

DENIES Plaintiff's request for recusal.

**IT IS SO ORDERED.**

Dated:   May 2, 2023

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

4