UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MAYNARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION FEDERAL SAVINGS BANK,<br><br>　　　　Defendant. | Case No. 21-cv-04519-JSW<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL, REFERRING PLAINTIFF TO LEGAL SERVICES, AND GRANTING REQUEST TO EXTEND DATES**<br><br>Re: Dkt. Nos. 106, 107 |

Now before the Court is Plaintiff's motions for appointment of counsel and to extend dates. The Court does not find cause to appoint counsel in this matter. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request that an attorney represent a person who is unable to afford counsel. Unless a party may lose her physical liberty if she loses the case, however, there is generally no constitutional right to an attorney in a civil action. *See Lassiter v. Dep't of Soc. Serv. of Durham Cnty., N.C.*, 452 U.S. 18, 25 (1981); *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (citation omitted). Nonetheless, the court may request counsel under § 1915(e)(1), but only in "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To determine whether "exceptional circumstances" exist, the trial court should evaluate (1) the likelihood of the indigent party's success on the merits and (2) the indigent party's ability to articulate her claims in light of the complexity of the legal issues involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quotations and citation omitted). Based on the record before the Court, there is no basis for a

finding that exceptional circumstances exist.  The Court does not find it likely that Plaintiff will succeed on the merits and also finds that he is fully able to articulate his claims.  Accordingly, the Court DENIES Plaintiff's request to appoint counsel.

However, the Court HEREBY REFERS Plaintiff, who appears *pro se*, to the Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website (https://www.cand.uscourts.gov/pro-se-litigants) or in the Clerk's office.  The Court also advises Plaintiff that he may wish to seek further assistance from the Volunteer Legal Help Center by emailing fedpro@sfbar.org or by calling the appointment line at (415) 782-8982.  The attorney at the Legal Help Center can provide information, advice, and basic legal help but cannot represent litigants as their lawyer.

Further, in order to give Plaintiff extra time to prepare his case for summary judgment, the Court HEREBY GRANTS his request to continue the hearing on the anticipated motion(s) for summary judgment to March 6, 2026, at 9:00 a.m.  The Court VACATES the pretrial and trial dates and shall reset them, if necessary, in the order resolving the motion(s) for summary judgment.

**IT IS SO ORDERED.**

Dated: December 2, 2025

_____
JEFFREY S. WHITE
United States District Judge