United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA MAYNARD,

Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION FEDERAL SAVINGS BANK,

Defendant.

Case No. 21-cv-04519-JSW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, DENYING MOTION TO STRIKE, AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Re: Dkt. Nos. 125, 127, 131

Now before the Court is the motion filed by Defendant USAA Federal Savings Bank ("Defendant") to dismiss Plaintiff's claims for breach of contract, conversion, unjust enrichment, professional negligence, and breach of peace. Also before the Court is Defendant's motion to strike portions of Plaintiff's third amended complaint. Lastly, before the Court is Plaintiff's motion for partial summary judgment. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and HEREBY GRANTS IN PART AND DENIES IN PART Defendant's motion to dismiss, DENIES Defendant's motion to strike, and DENIES Plaintiff's motion for partial summary judgment.

**A. Motion to Dismiss.**

This matter has been remanded by the Ninth Circuit Court of Appeals on two separate but limited issues following the appeal of this Court's order granting Defendant's original motion for summary judgment. The Ninth Circuit remanded on the issues for resolution: (1) Plaintiff's claim for conversion of his personal property and (2) Plaintiff's claim for unjust enrichment. Accordingly, because the third amended complaint adds new causes of action for breach of

contract, conversion, professional negligence, and breach of peace, the Court finds that portions of these claims are beyond the scope of the remand and are dismissed. The Court denies the dismissal of the cause of action for unjust enrichment as specifically recognized by the appellate court.

In addition, the Court finds that these additional claims fail to state claims upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff seeks to amend to add a cause of action for breach of contract, but he fails to point to any particular contract that he alleges was breached by Defendant. The only potential contract, the Notice of Repossession, is clear and only asserts Defendant's right and intent to repossess the Durango. It does not by its terms establish any duties to inform Plaintiff that it could not locate the automobile or that repossession was not completed.

Plaintiff seeks to add a claim for conversion in his third amended complaint. Conversion is the "wrongful exercise of dominion over the property of another." *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015). However, as this Court ruled and the Ninth Circuit confirmed, the November 2020 repossession of the Durango was proper because Defendants had a valid security interest in the vehicle. Accordingly, there can be no cause of action for conversion based on these facts. Therefore, the claim of conversion as to the vehicle is dismissed. However, the conversion claim with respect to Plaintiff's personal property found inside the Durango remains as pled.

Plaintiff also attempts to state a claim for professional negligence, but Defendant does not render such a professional service that would be subject to this standard. Accordingly, Plaintiff's claim for professional negligence is dismissed.

Plaintiff seeks to add a cause of action for breach of peace. First, this Court has already found that Plaintiff failed to state sufficient facts to support such a claim, and the Ninth Circuit has affirmed. Secondly, a breach of peace claim requires the provocation of violence and causing a loud and unreasonable noise. *See, e.g., Chavez v. Ford Motor Credit Co.*, 2026 WL 280787, at *2 (9th Cir. Feb. 3, 2026) (holding that courts look to a variety of factors to determine if there was a breach of peace including the use of law enforcement, violence or threats of violence, trespass, verbal confrontation, and disturbance to third parties). According to the facts in the record, there

was no such disturbance during the repossession of Plaintiff's vehicle. Rather, the allegations and evidence indicate that the repossession of the Durango was peaceful and occurred without any contemporaneous disturbance or altercation. Therefore, there is no basis for the amendment to add a cause of action for breach of peace.

Lastly, Plaintiff seeks to add a cause of action for unjust enrichment. Although California does not explicitly recognize such a separate cause of action, the Ninth Circuit in this matter has allowed Plaintiff to plead unjust enrichment as a theory of recovery associated with another cause of action. Here, Plaintiff alleges sufficient facts to sustain his claim for unjust enrichment.

**B. Motion to Strike.**

Defendant also moves to strike portions of Plaintiff's third amended complaint. Specifically, they move to strike portions of his claim for unjust enrichment claiming that it is full of impertinent, immaterial, and redundant language. Federal Rule of Civil Procedure 12(f) authorizes the Court to strike from a pleading, any "redundant, immaterial, impertinent, or scandalous matter." A motion to strike should be granted where "it will make trial less complicated or eliminate serious risks of … delay or confusion of the issues." *Sliger v. Prospect Mortgage, LLC*, 789 F. Supp. 2d. 1212, 1216 (E.D. Cal. 2011).

Defendant moves to strike the words "at numerous points" in paragraph 75, to strike paragraph 76 in its entirety, and lastly to strike a portion of the language in paragraph 77. Essentially, Defendant contends that the factual basis for the unjust enrichment claim rests solely upon the claim that Plaintiff paid for repairs of the Durango when he otherwise would not have. However, the Court finds that the bases for the unjust enrichment claim may be both the fact that Plaintiff fixed up the Durango and that he re-purchased it in the first place. The Court therefore does not find the additional language in the unjust enrichment cause of action to be impertinent, immaterial, or redundant. The Court DENIES the motion to strike in its entirety.

**C. Motion for Partial Summary Judgment.**

Plaintiff, who is proceeding pro se, attempts to move for partial summary judgment on a

single issue: to determine who abandoned the Durango. Plaintiff contends that Defendant abandoned the vehicle when they failed to retrieve it from the pickup location where Plaintiff had left it. First, summary judgment is not a tool used to require the Court to determine a question of fact which is not associated with a specific cause of action. Second, the issue of a continued legal relationship between the parties after the Durango was left for pickup remains regardless of who abandoned the vehicle. Accordingly, the Court DENIES Plaintiff's motion for partial summary judgment.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion to dismiss, DENIES Defendant's motion to strike, and DENIES Plaintiff's motion for partial summary judgment.

**IT IS SO ORDERED.**

Dated: July 22, 2026

JEFFREY S. WHITE
United States District Judge